391 So.2d 836 (1980)
STATE of Louisiana
v.
Nancy T. DIXON.
No. 67493.
Supreme Court of Louisiana.
December 15, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Walter Perkins, Allen W. Helm, III, John R. Harrison, Asst. Dist. Attys., for plaintiff-appellee.
Carey J. Ellis, Jr., Rayville, for defendant-appellant.
WATSON, Justice.
Defendant, Nancy T. Dixon, was convicted of possession of marijuana with intent to distribute in violation of LSA-R.S. 40:967. She was fined $1,000 (or 6 months in jail); sentenced to 4 years at hard labor, suspended; and placed on active probation for a period of 5 years. One condition of probation was 4 months in the Ouachita Parish Jail.
Defendant appeals her conviction on the basis of one assignment of error: i. e., the trial court should have suppressed the marijuana because it was seized pursuant to an unconstitutional search. Although a warrant was obtained to search for the marijuana, defendant contends that it was invalidly based on an earlier intrusion of privacy. The only witness at the hearing on the motion to suppress was Deputy Jay Via of the Ouachita Parish Sheriff's office, whose testimony was as follows:
On January 3, 1979, Officer John Pipes of the Monroe Police Department was investigating a report that a missing juvenile girl might be found at a trailer on Louisiana Highway 34 in West Monroe. Since the trailer was beyond the Monroe City limits, *837 the Ouachita Parish Sheriff's office was contacted for assistance. Deputy Via went with Pipes to the trailer around 9:00 P.M. that night. Pipes went to the rear of the residence and Via to the front door. Via knocked several times but received no response. He looked through a glass pane of the door into the living room, which was illuminated. Via saw a fishbowl containing numerous small plants that he thought were marijuana and a cigarette he also suspected was marijuana.
Officer Pipes and Deputy Via executed an affidavit attesting to their observation of the fish bowl containing suspected marijuana plants and a green plastic container with growing plants also suspected to be marijuana. The affidavit recites that the officers waited at the trailer. A Chevrolet arrived containing defendant Dixon and two males. The car stopped in the driveway before proceeding to the trailer. Investigation revealed that a bag of marijuana had been thrown out of the car window when the car stopped. The officers arrested the three. Shortly thereafter, an Oldsmobile and a Pontiac arrived, both containing subjects with marijuana and marijuana paraphernalia.
On the basis of the affidavit, a search warrant was issued at 11:55 P.M. and the officers returned to seize marijuana and other drug paraphernalia from the trailer and the three cars.[1]
The Louisiana Constitution of 1974, Article 1, Section 5,[2] and the Fourth Amendment to the Constitution of the United States[3] prohibit unreasonable searches and invasions of privacy. The burden of proving an unconstitutional search is on the defendant. State v. Boyd, 349 So.2d 1256 (La., 1977).
Basically, defendant's contention is that the officers had no right to be at the doorway of the trailer; that their mere presence was an intrusion. It is argued that the report of a missing juvenile was a pretext, a fabrication designed to justify the officers' expedition. However, there is no evidence to support this hypothesis. Defendant *838 did not call Officer Pipes on cross-examination or introduce any other evidence to contest Deputy Via's second hand account of why the two officers were at the trailer. The record does not show whether the Monroe police investigation was based on a report from the juvenile's parents, an acquaintance, a relative or an anonymous source. All Deputy Via knew was that Officer Pipes needed a deputy to accompany him to the trailer. There is no indication that these officers were at the trailer to gather evidence against the defendant. The only evidence is that they were present for a legitimate purpose, unconnected with what they discovered. See State v. Nine, 315 So.2d 667 (La., 1975).
The doorway of the trailer was private property, but it was not a place where defendant had an expectation of privacy. United States v. Santana, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976). These two officers had the same right as other members of the public to approach the doorway and see what was exposed by the owner to the view of the general populace. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). While there, they inadvertently observed what appeared to be contraband. There was no intrusion into a protected place. See United States v. Hersh, 464 F.2d 228 (U.S. 9 Cir. 1972). Compare State v. Fearn, 345 So.2d 468 (La., 1977).
Defendant failed to establish that the officers unconstitutionally invaded her privacy by looking through a glass pane of the front door. The trial court was correct in overruling the motion to suppress.
For the foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.
NOTES
[1] Among the items seized were:

A. From the Pontiac:
(1) Plastic bag of marijuana in a jacket.
(2) Plastic bag of marijuana residue.
(3) Metal clip with suspected marijuana residue.
B. From the Chevrolet:
(1) Suspected marijuana residue in ashtray.
(2) Pouch with currency amounting to $790 in glove box.
C. From the Trailer:
(1) Fishbowl with suspected marijuana plants.
(2) Green plastic container with suspected marijuana plants.
(3) Suspected marijuana cigarette.
(4) Tupperware container with suspected marijuana.
(5) Bamboo pipe with suspected marijuana residue.
(6) Plastic bag with suspected marijuana under a counter.
(7) Large trash bag with suspected marijuana residue under a counter.
(8) Water pipe with suspected marijuana residue.
(9) Brown box with 15 bags of suspected marijuana in a closet.
(10) Plastic bag with suspected marijuana in a closet.
(11) Aquarium in bedroom containing suspected marijuana plants.
(12) Jar of suspected marijuana seeds in bedroom.
(Tr. 13)
[2] Louisiana Constitution of 1974, Article 1, Section 5 provides:

"Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court."
[3] The Fourth Amendment to the Constitution of the United States provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."