448 So.2d 720 (1984)
STATE of Louisiana
v.
Carl DUPERON.
No. 83-KA-671.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
*721 William C. Credo III, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Joseph L. Montgomery, Indigent Defender Bd., Gretna, for defendant-appellant.
Before BOUTALL, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
Carl Duperon was charged with armed robbery in violation of Louisiana Revised Statute 14:64. The jury returned a verdict of guilty, and Duperon was sentenced to 25 years without benefit of parole, probation, or suspension of sentence. From the conviction and sentence, the defendant appeals. We affirm.
Four assignments of error are raised as follows:
(1) The trial court committed reversible error in denying the defendant's motion to suppress the identification.
(2) The trial court committed reversible error in overruling the defendant's objection to the admissibility of photographic evidence as having no probative value and being highly prejudicial to the defendant.
*722 (3) The trial court committed reversible error in denying the defendant's motion to suppress the evidence.
(4) The trial court committed reversible error in failing to properly delineate its reasons for imposing sentence, which sentence was excessive.
On October 17, 1982, at approximately 4:45 a.m., the defendant entered the Fat City Holiday Inn, approached the front desk, and requested of the night auditor change for a $20 bill. When the night auditor explained he could not give change, the defendant displayed a 30/30 rifle and said, "Let's see what you have." The victim emptied the cash register, and, upon the defendant's order, he opened some drawers behind the desk in which there were 50 banded $1 bills and several rolls of coins. The defendant took the money and left. Upon arriving at the inn in response to a Holiday Inn employee's telephone call, the police questioned the victim and ascertained the perpetrator's description which they broadcast as follows: a black male, approximately 5'8", medium build, slight mustache, wearing blue jeans and white T-shirt.
Sergeant Ulice of the Jefferson Parish Sheriff's Office, on traffic patrol, observed a Buick in the vicinity of the robbery scene and followed it as the driver turned off Airline Highway onto Pasadena and stopped near a Time Saver. The sergeant stopped his vehicle about 50 feet behind the Buick as the defendant emerged from the vehicle and approached the front of the Time Saver giving the officer a full-face view. Upon seeing that the suspect fit the description of the armed robber, Ulice exited his vehicle and ordered the man to stop and place his hands on the police unit. After patting him down for weapons, Sergeant Ulice radioed for backup, and when Officer Doody arrived, Ulice left his vehicle and made a closer observation of the Buick. He noticed a "pile of currency and coins" on the floorboard of the passenger side of the car at which time he ordered Officer Doody to arrest and handcuff the defendant. Sergeant Ulice radioed Corporal Schanbien, who was still on the robbery scene, and requested he bring the victim to observe the suspect. The victim identified the suspect to be the perpetrator of the armed robbery, and the officers transported the defendant from the scene. Sergeant Ulice then seized the cash from the front passenger side floorboard of the car, opened the trunk of the car with a key he had obtained earlier from the defendant, and seized from the trunk more money, both coins and currency, and a 30/30 Marlin rifle. The night auditor later identified the rifle as that used during the course of the robbery and some of the rolled coins and banded currency as similar to that stolen from him at the inn.

ASSIGNMENT OF ERRORS NUMBERS ONE AND TWO
The defendant designated two assignments of error which his counsel neither briefed nor orally argued. Therefore, in accordance with the Uniform Rules of the Courts of Appeal, Rule 2-12.4, we consider them abandoned. See, State v. Dirden, 430 So.2d 798 (La.App. 5th Cir.1983).

ASSIGNMENT OF ERROR NUMBER THREE
In the defendant's most serious assignment of error, he alleges the warrantless search of his automobile and subsequent seizure of cash, currency, and rifle were made in violation of his constitutional right to be free from unreasonable searches and seizures. (United States Constitution Fourth and Fourteenth Amendments and article I § 5 of the Louisiana Constitution). To the contrary, we find the facts in this case constitute an exception to the per se warrant requirement of the Fourth Amendment.
Initially, it is necessary to determine whether Officer Ulice had an articulable suspicion to detain Duperon. A law enforcement officer may stop a person in a public place for questioning whom he reasonably suspects is committing, has committed, or is about to commit an offense. (Article 215.1 of Louisiana Code of Criminal *723 Procedure.) Reasonable cause for an investigatory stop or detention is something less than probable cause. Nevertheless, it requires the detaining officer to have articulable knowledge of particular facts sufficient reasonably to suspect the detained person of criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Within one-half hour of the robbery and within the general locality, the police officer spotted a man who fit the description of the armed robber as given by the victim. Sergeant Ulice testified at trial that, in addition to the description fitting the suspect, the particular hour of the morning and the defendant's proximity to the scene of the crime greatly increased the possibility that he had some connection to the crime. Thus, we find the record reflects Sergeant Ulice possessed articulable knowledge of particular facts sufficient to reasonably suspect the suspect had committed an armed robbery.
The defense argues that at the time of the detention Sergeant Ulice went over to the vehicle only to look for evidence linking Duperon to the recent armed robbery. Ulice testified during the suppression hearing, however, that he glanced into the Duperon vehicle in order to ascertain whether there were any persons remaining out of view and that it was at this point he saw the pile of currency and coins lying in plain view on the front passenger floorboard of the car.
The plain view doctrine is an exception to the search warrant requirement in that when there is no intrusion into a protected area, there is no "search" for purposes of the Fourth and Fourteenth Amendments. The jurisprudence has designated three criteria which must be established before the viewing will be removed from the protections of the Fourth Amendment: (1) the prior valid intrusion into a protected area; (2) an inadvertent discovery of evidence; and (3) the evidence immediately recognizable as contraband or evidence. Coolidge v. New Hampshire, 403 U.S. 443, 465, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564 (1971); State v. Brown, 370 So.2d 525, 527 (La.1979). It was reasonable for Officer Ulice to approach the vehicle in order to make a general visual survey of the inside from his position outside the car in order to assure himself there was no one inside, to protect himself and the public. He, without intruding into a protected area, inadvertently discovered the immediately recognizable evidence on the front floorboard of the car. The officer's cursory check of the interior of the vehicle for confederates arriving on the scene who might have endangered lives of others, when it is taken into account the weapon used in the offense had not yet been located, was justified. Moreover, the court in State v. Dixon, 391 So.2d 836, 838 (La.1980) stated if a vehicle is parked on a public street or parking lot, there is no doubt the officer may stand by and look into the vehicle just as any member of the public might.
The plain view doctrine alone, however, does not justify the seizure of the coins and currency. Once the officer becomes aware of the contraband or evidence, he must ordinarily obtain a search warrant in order to seize it. State v. Edsall, 385 So.2d 207, 210 (La.1980). Two requirements must be satisfied before a warrantless seizure of evidence within a movable vehicle is authorized under the automobile exception of the search warrant requirement: (1) there must be probable cause to believe the vehicle contains contraband or evidence of a crime; and (2) there must be exigent circumstances requiring an immediate warrantless search. Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970). Obviously, the officer had probable cause to believe the coins and currency were inside the car since he had previously seen them in plain view. In addition, it is clear the officer had probable cause to believe the trunk of the automobile contained evidence linking the defendant to the armed robbery, since the description broadcast only minutes before had mentioned the perpetrator was armed with a rifle which had not yet been located.
*724 In addressing the issue of whether there were exigent circumstances, the defense argues the exigency of the situation had dissipated once the defendant was arrested and any subsequent search of the car should have been authorized by a warrant.
We find, however, under the circumstances of the instant case there was exigency justifying an immediate seizure of the evidence from the defendant's automobile. An immediate warrantless search is constitutionally permissible under the automobile exception when the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained. Chambers v. Maroney, supra; State v. Guzman, 362 So.2d 744, 748 (La.1978); State v. Brown, 370 So.2d 525, 528 (La.1979).
Abandonment by the police officers of the vehicle near the site of the armed robbery would have presented a significant possibility that its contents may never have been found again. The car was parked in a public parking lot where it was highly accessible to the public, and the officers would have been reasonable in assuming that others who may have been involved in the crime would attempt to move the car or remove the evidence. In addition, the danger posed by the possibility that a confederate to the armed robber would attempt to gain possession of the dangerous weapon contributed to the exigency of the situation.
The Louisiana Supreme Court has addressed the issue of requiring a police officer to guard a vehicle, restraining access to its interior, until a search warrant could be obtained. In State v. Guzman, 362 So.2d 744, 749 (La.1978), the court stated:
There is substantial merit in the contention that police must obtain a search warrant for an automobile when they can do so without jeopardizing the contraband sought, but neither this court nor the United States Supreme Court has made that requirement. Although a search may be a greater intrusion into privacy than the sequestration, immobilization, impoundment or detention of the thing to be searched, and although a detached magistrate should be better able than the police to decide whether probable cause to search exists, the sequestration is itself a seizure. The validity of both seizures and searches is measured by the same constitutional standards. It would require an extension of constitutional law to permit the police to seize without a warrant, and then forbid them to search the thing seized unless a warrant is first obtained.
In Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419, the Supreme Court stated:
For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.
It was the duty of the officers to promptly conduct the arrested defendant to the police station and cause him to be booked. Accordingly, there was no practical alternative available to the officers under the exigent circumstances other than an immediate seizure of the evidence to the extent necessary to preserve it. See, State v. Brown, 370 So.2d 525, 528 (La.1979).

ASSIGNMENT OF ERROR NUMBER FOUR
In connection with the defendant's assignment of error number four in which he states the trial court failed to properly delineate its reasons for imposing sentence and imposed an excessive sentence, the record reflects the assignment of error was not properly lodged in this court but appeared for the first time in brief. Louisiana Code of Criminal Procedure Article 844 requires a party to designate those errors which are to be urged on appeal, and Article 920 provides that only errors designated in the assignments of error and those discoverable *725 by a mere inspection of the pleadings must be reviewed on appeal.
While a contemporaneous objection to a sentence at the trial level has been deemed unnecessary to preserve the issue of excessiveness on appeal, the assignment of error requirement remains viable. State v. Cox, 369 So.2d 118, 121 (La.1979).
Accordingly, pursuant to article 920, the excessiveness issue will not be addressed since it does not fall into the category of error patent. See, State v. Spell, 399 So.2d 551, 557 (La.1981); State v. Marrero, 363 So.2d 494, 497 (La.1978); State v. Sonnier, 441 So.2d 359, 360-61 (La.App. 5th Cir. 1983); and State v. Bridges, 444 So.2d 721, 725 (La.App. 5th Cir.1984).
We have further reviewed the entire record for errors patent. Finding none, we affirm the defendant's conviction and sentence.
AFFIRMED.