CHEHARDY, Judge.
George Cardenas was charged in a Bill of Information with violation of LSA-R.S. 40:967 (possession of cocaine). The court denied defendant’s motion to suppress the evidence. Thereafter defendant pleaded guilty reserving his right to appeal from the adverse ruling on the motion to suppress.
The record reflects the following facts:
Jefferson Parish narcotics agents were conducting a surveillance of defendant’s residence. While one of the agents had gone to get a search warrant, the defendant left the residence and was followed by three other agents in unmarked vehicles. The search warrant for the residence was obtained and the agents following defendant were so advised.
Defendant pulled into a parking lot of a grocery store followed by one of the agents who drove up along the side of defendant’s vehicle. The agent got out of the car and observed defendant sitting in the driver’s seat folding a plastic bag containing a white substance.
The agent identified himself and asked the driver to step out of the car. He seized the bag and seized a second bag which was allegedly in plain view on the front seat of the car. Thereafter two other agents arrived in separate vehicles. One of the agents conducted a test on the white substance which proved positive for the presence of cocaine. The defendant was then placed under arrest and given his rights.
Defendant cites two assignments of error:
1. The trial court erred in denying defendant’s motion to suppress; and
2. Any and all errors patent on the fact of the record.
ASSIGNMENT OF ERROR NO. 1
Defendant claims the cocaine was not in plain view, as testified to by the narcotics agents, but that it was hidden from view inside a boot on the floor in the back of his car.
After hearing the testimony the court ruled as follows:
“THE COURT:
Thank you.
The Court considers that the officers in this case had probable cause to believe an offense was committed, and therefore the right to stop the defendant who they believed had committed the offense was present. The Court finds that this created so called exigent circumstances which the Court finds is present because the defendant exhibited [the packet] in his automobile in plain view ... The Agent Soutullo conducted a field test, and the cocaine proved to be positive. Further the Court considers exigent circumstances to be present because a search war *810 rant had also issued for the defendant’s residence, and it was likely that the defendant could flee, as well as dispose of the cocaine that was in his possession.
Outside of the defendant’s testimony that the cocaine was not in plain view, that it was in a boot, the Court in this ease believes the agents.
And why I say that is the defendant, and let the record reflect, exhibited during his testimony nervousness before the Court. And under those circumstances the Court believes the officers in this case. And the Court has to make a credibility issue. And this is what I’m basing my credibility issue on.”
It is evident the trial judge found the testimony of the arresting officers more credible than that of defendant.
“In reviewing the trial judge’s ruling ... his conclusions on credibility are entitled to the respect due those made by one who saw the witnesses and heard them testify.” State v. Rodrigue, 409 So.2d 556, 561 (La.1982); State v. Oliver, 448 So.2d 156 (La.App. 5th Cir.1984).
In response to the adverse ruling on his motion to suppress, defendant alleges the warrantless search of his automobile and seizure of the cocaine were made in violation of his constitutional right to be free from unreasonable searches and seizures, U.S.C.A. Const. Amends. 4, 14 and LSA-Const. Art. 1, Sec. 5.
At issue is whether or not the officer had probable cause to approach and stop the defendant who was sitting in his car outside of a grocery store.
In a somewhat similar case, State v. Augustine, 449 So.2d 78 (La.App. 4th Cir.1984), the question before the court was whether the officer acted properly when he stopped defendants in their vehicle leaving a residence which was under surveillance, with knowledge that a search warrant for the premises was being obtained.
Under the “totality of the circumstances” test approved in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the court found these circumstances constitute probable cause sufficient to authorize the stop.
In the present case three agents had defendant’s residence under surveillance. One officer had observed defendant leave the house and was now advised that the search warrant for the residence had been obtained. He had been ordered to follow the defendant.
The testimony of this officer (Agent Sou-tullo) is that he approached the defendant to inform him a search warrant had been obtained for his residence and to request him to return to the residence to provide a means of access.
These circumstances indicate the agent acted properly and with probable cause when he approached defendant.
If the agent lawfully approached the defendant, we are then concerned with the legality of the seizure of the contraband.
The rule is set forth in State v. Duperon, 448 So.2d 720, 723 (La.App. 5th Cir.1984), as follows:
“The plain view doctrine is an exception to the search warrant requirement in that when there is no intrusion into a protected' area, there is no ‘search’ for purposes of the Fourth and Fourteenth Amendments. The jurisprudence has designated three criteria which must be established before the viewing will be removed from the protections of the Fourth Amendment: (1) the prior valid intrusion into a protected area; (2) an inadvertent discovery of evidence; and [3] the evidence immediately recognizable as contraband or evidence. Coolidge v. New Hampshire, 403 U.S. 443, 465, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564 (1971); State v. Brown, 370 So.2d 525, 527 (La.1979)....”
In the instant case, lawfully approaching the defendant satisfies the first requirement necessary to invoke the “plain view doctrine.” See Coolidge v. New Hampshire, supra.
*811 The second requirement of the Coolidge case was also fulfilled when the agent from his position outside of the car, without intruding into a protected area, inadvertently discovered what reasonably and immediately (the third requirement) appeared to be cocaine in a clear plastic bag on defendant’s lap.
Our circuit in State v. Oliver, supra, adopted the rule of Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), which cited with approval the rule enunciated in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), “[T]he seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity.” (Emphasis ours.)
In consideration of Agent Soutullo’s knowledge of the surveillance of defendant’s premises and his knowledge that the search warrant for the premises had been obtained to look for drugs, we agree the officer had probable cause to believe the unidentified white substance in the clear plastic bag on defendant’s lap contained cocaine, thus the third requirement of Coolidge is satisfied here.
As was observed in the Duperon case, the plain view doctrine alone does not justify the seizure. Ordinarily once an officer becomes aware of contraband he must obtain a search warrant. State v. Edsall, 385 So.2d 207 (La.1980); State v. Duperon, supra.
As stated in Duperon, the circumstances whereby the actual seizure of contraband without a warrant is justified are:
“Two requirements must be satisfied before a warrantless seizure of evidence within a movable vehicle is authorized under the automobile exception of the search warrant requirement: (1) there must be probable cause to believe the vehicle contains contraband or evidence of a crime; and (2) there must be exigent circumstances requiring an immediate warrantless search. Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970)....” 448 So.2d at 723.
We conclude exigent circumstances were present here because the car was movable, the occupant was alerted, and the car’s contents might never have been found again. Chambers v. Maroney, supra.
After careful consideration of Assignment of Error No. 1, we conclude the search and seizure were justified and the trial court was not in error in denying plaintiff’s motion to suppress.
ASSIGNMENT OF ERROR NO. 2
An inspection of the pleadings and proceedings in this ease do not indicate to us any errors patent on the face of the record.
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.