504 So.2d 1165 (1987)
STATE of Louisiana
v.
Clement E. BOUDREAUX.
No. 86-KA-643.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1987.
*1166 John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Office of the Dist. Atty., Gretna, for plaintiff-appellee.
Frank V. Zaccaria, Jr., Gretna, for defendant-appellant.
Before CHEHARDY, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, Clement E. Boudreaux, was charged with Reckless Operation of a Motor Vehicle in violation of R.S. 14:99. He entered a plea of not guilty and was tried and found guilty as charged in a judge trial. Boudreaux was sentenced to five days in Parish Prison. The defendant then appealed.

FACTS
On December 19, 1985, Officer John Meeks observed the defendant drive his car out of his driveway into the street, completely crossing the roadway. The officer stated that the defendant was accelerating his vehicle very rapidly and that the car was "throwing gravel and so much smoke that you couldn't see the roadway." The defendant then backed into the driveway. The officer approached the defendant and then arrested him for Reckless Operation of a Motor Vehicle and D.W.I.
The defendant testified that he backed the car partially into the street to relocate the car in the driveway, and that smoke came from the shells as he was backing up. The defendant's sister, Bridget Marshall, testified that she was watching the defendant move the car. She stated that she saw him pull the car only partially into the street and that the car tires spun when they hit the gravel. She also stated that the defendant was not speeding or driving recklessly.

JURISDICTION-ISSUE
Reckless Operation of a Motor Vehicle cases are not triable by a jury because the maximum sentence does not exceed six months. Accordingly, this court does not have appellate jurisdiction, although it does have supervisory jurisdiction over the matter. Louisiana Constitution of 1974, Art. 5, Subsection 10; C.Cr.P. art. 912.1. Therefore, the defendant's appropriate remedy is by application for supervisory writs. However, in City of New Orleans v. Ballansaw, 475 So.2d 768 (La. *1167 1985), the Louisiana Supreme Court noted that the appropriate procedure for the court of appeal in such a circumstance is to "treat the appeal as an application for supervisory writs and to rule on the merits of the application."
No formal assignments of error as required by C.Cr.P. art. 844 have been filed, although the defendant alleges two assignments of error in brief. Prior jurisprudence had indicated that an assignment of error not properly assigned need not be addressed on appeal. See State v. Cox, 369 So.2d 118 (La.1979) and State v. Duperon, 448 So.2d 720 (La.App. 5 Cir.1984). In 1984, C.Cr.P. art. 844 was amended to provide sanctions for failure to file assignments of error. The sanctions did not include authorization for the reviewing court to disregard assignments presented to the court for the first time in the appeal brief.

ASSIGNMENT OF ERROR NUMBER 1
In this assignment, the defendant alleges error in the trial court's failure to consolidate his reckless operation of a motor vehicle charge with a pending D.W.I. charge arising from the same incident.
C.Cr.P. art. 706 provides:
Upon motion of a defendant, or of all defendants if there are more than one, the court may order two or more indictments consolidated for trial if the offenses and the defendants, if there are more than one, could have been joined in a single indictment. The procedure thereafter shall be the same as if the prosecution were under a single indictment.
[emphasis added]
C.Cr.P. art. 493 provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.

[emphasis added].
In this case, the defendant was charged with reckless operation of a motor vehicle in violation of R.S. 14:99. The defendant also had a charge of D.W.I., third offense, based on the same actions. However, R.S. 14:99 provides that the maximum sentence for reckless operation of a motor vehicle, first offense is imprisonment for ninety days. The defendant is not entitled to a jury in this misdemeanor prosecution. See C.Cr.P. art. 779. R.S. 14:98 provides that the maximum sentence for driving while intoxicated, third offense, is imprisonment for one to five years, with or without hard labor, and therefore this offense is a felony triable by a six person jury. C.Cr.P. art. 779. Because these offenses are not triable by the same mode of trial, they could not have been charged in the same bill of information. Accordingly, the court did not err in denying a consolidation of these two offenses for trial.
The defendant cites State v. Legnon, 464 So.2d 910 (La.App. 4th Cir.1985) to support his argument that the cases should be tried together. In that case, the defendant was charged with D.W.I., first offense. Because the maximum penalty for a D.W.I. first offense is six months, the defendant was not entitled to a jury trial and the D.W.I. charge was therefore triable by the same mode of trial as the charge for Reckless Operation of a Motor Vehicle.
It might also be noted that at the time of this trial, the defendant's D.W.I., third offense charge was still in the Screening Department of the District Attorney's Office. Thus, the D.W.I. charge had not even been accepted at the time of trial, so as to be consolidated.
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 2
It appears that, in this assignment of error, the defendant alleges that the evidence was insufficient to convict the defendant because the State did not show that the defendant's conduct was criminally negligent.
*1168 Pursuant to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the evidence presented by the State is sufficient to sustain conviction when, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of each element of the offense charged. State v. Cathey, 493 So.2d 842 (La.App. 5th Cir. 1986).
R.S. 14:99 defines Reckless Operation of a Motor Vehicle as "the operation of any motor vehicle ... in a criminal negligent or reckless manner." Criminal negligence exists when "there is such disregard of the interests of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances." Criminal negligence is an essential element of the offense under R.S. 14:99. State ex rel Palermo v. Hawsey, 377 So.2d 338 (La.1979).
In State ex rel Palermo, supra, the Louisiana Supreme Court found that the defendant's action in spinning his wheels and accelerating, by itself, was insufficient to find that the defendant acted in "gross deviation below the [reasonable] standard of care" and that there was "no evidence in the record that defendant was speeding, weaving in his lane, crossing the center line, or giving any other indication he was operating his vehicle recklessly or in violation of any other traffic provision." Id. at 340.
In State v. Tharpe, 459 So.2d 44 (La.App. 2nd Cir.1984) the officer saw the defendant's car "fishtail" and squeal its tires as it left a parking lot. The vehicle then drove off the road twice before being pulled over. The reviewing court found the evidence sufficient to sustain a conviction for reckless driving.
In State v. Washington, 498 So.2d 136 (La.App. 5th Cir.1986), the defendant while intoxicated, was at a corner when he spun the car's tires, causing them to squeal and smoke. The driver then pulled out in front of a truck, causing it to swerve. The reviewing court found sufficient evidence to sustain a conviction for reckless operation.
In this case, the arresting officer testified that the defendant pulled out of his driveway, crossing the center line, in order to back his car into the driveway. The officer determined that the defendant was traveling at an excessive rate of speed, as evidenced by the thick smoke, "so much smoke that you couldn't see the roadway" and gravel bits thrown from his back tires as he left the driveway. Both the defendant and his sister testified that the car did not completely cross the street and that the defendant was not driving rapidly. However, the trier of fact determines the credibility of the witnesses, State v. Arnaud, 412 So.2d 1013 (La.1982); State v. Cathey, supra and therefore, the court may accept that the defendant completely crossed the road.
Although there is no testimony to show that the defendant did not look for coming vehicles, his action of darting into the street and spinning his tires in the manner here does constitute reckless operation. We admit that the proof of Reckless Operation is limited, however, when viewed in the light most favorable to the prosecution, the actions witnessed by the police officer are sufficient to sustain this conviction. The trial judge himself appears to recognize that the proof of Reckless Operation was very limited and accordingly, sentenced the defendant to only five days in Parish Prison, even though he had "a horrible driving record."
This assignment lacks merit.
We have further reviewed the record for errors patent and finding none, the defendant's conviction and sentence are affirmed.
AFFIRMED.