567 So.2d 674 (1990)
STATE of Louisiana
v.
Andrea AGUILLARD, et al.
No. 90-KA-29.
Court of Appeal of Louisiana, Fifth Circuit.
September 13, 1990.
Writ Denied November 30, 1990.
*675 Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
William H. Slaughter, III, New Orleans, for defendant/appellant.
Before GRISBAUM, GOTHARD, JJ. and KOLLIN, Judge Pro Tem.
WALTER E. KOLLIN, Judge Pro Tem.
Defendants appeal their convictions of criminal trespass, obstructing public passages and resisting an officer. We affirm defendants' convictions and sentences. Defendants were convicted of misdemeanor offenses and therefore were not entitled to a jury trial or to an appeal. See LSA-Const. 1974, art. 1, sec. 17 and art. 5, sec. 10(A). The proper method for review is by writ application. LSA-C.Cr.P. art. 912.1(C). Although this case is postured as an appeal, we will treat it as a writ application according to accepted appellate practice and will rule on the merits of the application. City of New Orleans v. Ballansaw, 475 So.2d 768 (La.1985); State v. Boudreaux, 504 So.2d 1165 (La.App. 5th Cir. 1987).
As a result of protest demonstrations at an abortion clinic in Jefferson Parish, the sixty-five defendants involved in this matter were issued misdemeanor summonses charging them variously with criminal trespass, LSA-R.S. 14:63, obstructing public passages, LSA-R.S. 14:100.1, and resisting an officer, LSA-R.S. 14:108. Of the sixty-five defendants, fifteen were charged with criminal trespass, thirty were charged with criminal trespass and obstructing public passages, and the remaining twenty defendants were charged with criminal trespass, obstructing public passages and resisting an officer.
All defendants pled not guilty, and the cases proceeded to trial. The parties stipulated that, for the purpose of trial, the evidence presented at the trial of defendant Andrea Aguillard (No. 786-591) would be admitted in each of the remaining cases, and that the outcome of the trial in that case would be dispositive of the outcomes in all other cases. At the conclusion of trial, the trial judge found the defendants guilty as charged. Sentencing delays were waived and the trial judge sentenced the defendants for their various offenses. On the criminal trespass offenses, the judge imposed a fine of $100.00 on each of the defendants and ordered them to pay court costs. Payment of the fine was suspended. For the offense of obstructing public passages, the trial judge fined each of the defendants $100.00, but suspended payment of those fines. Those defendants convicted of resisting an officer were each fined $50.00. All of the defendants were also placed on inactive probation for six months. Defendants seek review of their convictions, alleging that the trial court erred in failing to find them not guilty based on their asserted defense of Justification in Defense of Others, LSA-R.S. 14:18(7) and 14:22.
These convictions arise out of two separate protest demonstrations conducted at a privately owned and operated abortion clinic *676 on October 29, 1988, and January 27, 1989.
The facts surrounding both demonstrations are virtually identical. On each date, several hundred protestors assembled and occupied the clinic's parking lot. Additionally, some of the protestors positioned themselves at the entrance to the clinic and attempted to prevent individuals from going inside the facility. The owners of the clinic complained to the Jefferson Parish Sheriff's Office, and several officers were dispatched to disperse the protest. Upon arriving, police officials discussed the owners' complaint with the protest leaders and formally requested that the demonstrators disband. When the demonstrators failed to disperse for two hours after being requested to do so, the police announced that those who refused to leave would be cited for criminal misdemeanors. Those protestors who continued the demonstration contrary to police instructions to disband were issued misdemeanor summonses for the charges which resulted in the convictions now on review.
In light of these facts, we now consider defendants' contention that the trial court erred in failing to find them not guilty based on their defense of Justification in Defense of Others. To support this contention, the defendants assert a two-prong argument. In the first prong of their argument, the defendants refer to Article 1, Section 2 of the Louisiana Constitution and its provision that "No person shall be deprived of life ... except by due process of law." (emphasis supplied). Then referring to the definition provision of the Louisiana Criminal Code, the defendants point out that, under LSA-R.S. 14:2(7), the term "person" includes within its meaning "a human being from the moment of fertilization and implantation." The defendants therefore argue that their protest activities merely protect the due process rights afforded unborn "persons" by the Louisiana Constitution.
The second prong of the defendants' argument is based on the justification defense established by LSA-R.S. 14:18 and 14:22. The defendants refer to LSA-R.S. 14:18(7) which provides that an offender's conduct, while otherwise criminal, may be justifiable if such conduct is in defense of others under certain circumstances. In particular, LSA-R.S. 14:22 states:
It is justifiable to use force or violence or to kill in the defense of another person when it is reasonably apparent that the person attacked could have justifiably used such means himself, and when it is reasonably believed that such intervention is necessary to protect the other person.
The defendants contend that their activities were justifiable as an attempt to protect unborn children incapable of protecting themselves.
We find defendants' arguments to be unpersuasive. In asserting their two-prong argument, the defendants fail to recognize the Louisiana legislature's enactment of statutes legalizing abortion. LSA-R.S. 40:1299.31 et seq.
The intent of the legislature regarding the regulation of abortion in Louisiana is stated in LSA-R.S. 40:1299.35.0:
It is the intention of the Legislature of the State of Louisiana to regulate abortion to the extent permitted by the decisions of the United States Supreme Court. The Legislature does solemnly declare and find in reaffirmation of the longstanding policy of this State, that the unborn child is a human being from the time of conception and is, therefore, a legal person for purposes of the unborn child's right to life and is entitled to the right to life from conception under the laws and Constitution of this State. Further, the Legislature finds and declares that the longstanding policy of this State is to protect the right to life of the unborn child from conception by prohibiting abortion impermissible only because of the decisions of the United States Supreme Court and that, therefore, if those decisions of the United States Supreme Court are ever reversed or modified or the United States Constitution is amended to allow protection of the unborn then the former policy of this State to prohibit abortions shall be enforced.
*677 While the Louisiana legislature has expressed its disfavor for abortion, the right to obtain an abortion under certain circumstances, first recognized by the United States Supreme Court in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), reh. den., 410 U.S. 959, 93 S.Ct. 1409, 35 L.Ed.2d 694 (1973), remains in effect. Recently, the United States Supreme Court, in Webster v. Reproductive Health Services, ___ U.S. ___, 109 S.Ct. 3040, 106 L.Ed.2d 410 (1989) expanded the authority of states to regulate abortion, but expressly left Roe undisturbed. Thus, while the Louisiana legislature may have the intent and desire to afford individuals due process rights from the moment of conception, such legislative intent is specifically curtailed by the basic holdings of the United States Supreme Court in Roe, supra, and Webster, supra, that a woman's right to obtain an abortion is constitutionally protected. Accordingly, the due process prong of the defendants' argument is invalid because abortion rights are subject to constitutional protection. Roe v. Wade, supra; Webster v. Reproductive Health Services, supra.
The "defense of others" prong of the defendants' argument is likewise unpersuasive and without legal support. LSA-R.S. 14:22, quoted supra, specifically limits the use of force or violence in protection of others to situations where the person attacked would have been justified in using such force or violence to protect himself. In view of Roe, supra, and Webster, supra, and the provisions of the Louisiana abortion statute, defense of others as justification for the defendants' otherwise criminal conduct is not available in these cases. Since abortion is legal in Louisiana, the defendants had no legal right to protect the unborn by means not even available to the unborn themselves. While no reported decision of a Louisiana court has addressed this issue, an appellate court in Missouri has recently ruled that the defense of others justification is not available to abortion protestors under facts similar to the pending cases. State v. O'Brien, 784 S.W.2d 187 (Mo.App.1989).
Based on the reasons set forth herein, we find defendants' argument to be without merit. Accordingly, we affirm defendants' convictions and sentences.
AFFIRMED