753 So.2d 200 (2000)
STATE of Louisiana
v.
Torrance DEARY.
No. 99-KK-0627
Supreme Court of Louisiana.
January 28, 2000.
Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Juliet Clark, Terrytown, Counsel for State.
Jason Rogers Williams, New Orleans, Counsel for Thomas Deary.
*201 PER CURIAM.[*]
The front porch of a private residence falls within the curtilage of the home for Fourth Amendment purposes because it encompasses "the area around the home to which the activity of home life extends." Oliver v. United States, 466 U.S. 170, 181, n. 12, 104 S.Ct. 1735, 1743, 80 L.Ed.2d 214 (1984). A front porch does not necessarily enjoy the same measure of protection accorded the home by the Fourth Amendment, however, because of "an almost implicit understanding and custom in this country that, in the absence of signs or warning, a residence may be approached and the occupants summoned to the door by knocking." State v. Sanders, 374 So.2d 1186, 1189 (La.1979). Taking advantage of this custom in the present case, New Orleans Police officer Weise approached the front door on the porch of the residence located at 1924 Jackson Avenue, and knocked loudly on the side of the house to summon its occupants. The front door and screened door were open, and the officer could see far enough into the residence to observe the defendant standing in an interior doorway with his back to the front door while he talked on the telephone. At the sound of the officer's knock, the defendant turned, noticed Weise at the front door, and dropped to the floor a clear plastic bag filled with rock cocaine. The officer immediately rushed inside the residence, retrieved the cocaine, and placed the defendant under arrest.
The state charged the defendant with possession of cocaine with intent to distribute in violation of La.R.S. 40:967(A)(1). The defendant moved to suppress the evidence, and after conducting a hearing at which Weise gave the only testimony, the trial court granted the motion on grounds that the officer had made an illegal entry of the home. The court of appeal affirmed after finding that the lower court's ruling was not clearly erroneous. State v. Deary, 98-3013 (La.App. 4th Cir. 2/3/99), 738 So.2d 207.
The courts below erred. In State v. Dixon, 391 So.2d 836, 838 (La. 1980), this Court made clear that the police have "the same right as other members of the public to approach the doorway [of a home] and see what was exposed by the owner to the view of the general populace." We therefore upheld the warrantless search of the defendant's trailer in Dixon based on probable cause acquired when the officers, pursuing an unrelated investigation, looked through a glass pane of the front door and viewed marijuana in the living room of the trailer. Dixon, 391 So.2d at 838. Our holding in Dixon accords with the overwhelming weight of authority that "police with legitimate business may enter the areas of the curtilage which are impliedly open to use by the public, and that in so doing they are free to keep their eyes open and use their other senses." 1 Wayne R. LaFave, Search and Seizure, § 2.3(c), p. 483 (1996) (internal quotation marks and footnotes omitted); see, e.g., United States v. Taylor, 90 F.3d 903, 909 (4 th Cir.1996) (Police observation of cocaine and currency through large picture window next to the front door where the officers were standing did not constitute an illegal search because the front entrance "was as open to the law enforcement officers as to any delivery person, guest, or other member of the public."); Davis v. United States, 327 F.2d 301, 303 (9th Cir.1964) (Police officers' view of marijuana when front door of defendant's residence opened in response to their knock lawfully gave rise to probable cause to arrest the defendant; "[a]bsent express orders from the person in possession against any possible trespass, there is no rule of private or public conduct which makes it illegal per se, or a condemned invasion of the person's right of privacy, *202 for anyone openly and peaceably, at high noon, to walk up the steps and knock on the front door of any man's `castle' with the honest intent of asking questions of the occupant thereofwhether the questioner be a pollster, a salesman, or an officer of the law.").
In the present case, Officer Weise approached the opened front door of the residence intending to question the occupants about the individual the officer had observed leave the premises in the company of another person known to Weise from prior narcotics arrests. The suspect had bolted at the sight of the police, discarding as he ran in a foot chase with Weise "a whole handful" of what the officer believed was rock cocaine. Weise lost the suspect between houses and failed to recover the discarded pellets. The officer was nevertheless conducting a legitimate police investigation when he returned to the premises, knocked on the side of the house, and looked through the opened front door. A gated fence controlled access to the front of the house but Weise stood at the front door next to a mailbox which clearly indicated that the porch, although within the curtilage of the home, did not function, and was not intended to function, as a private enclave against business invitees or the general public. When Weise observed the startled defendant drop the plastic bag filled with rock cocaine to the floor, he acquired probable cause to make an arrest, and exigent circumstances arising from the need for immediate action excused the warrant requirement. See Roaden v. Kentucky, 413 U.S. 496, 505, 93 S.Ct. 2796, 2802, 37 L.Ed.2d 757 (1973) ("Where there are exigent circumstances in which police action literally must be `now or never' to preserve the evidence of the crime, it is reasonable to permit action without prior judicial evaluation.") (footnote omitted and citations omitted).
The officer's seizure of the cocaine packet was therefore lawful and the district court erred in granting the defendant's motion to suppress. Accordingly, we reverse the judgments below and remand this case to the district court for further proceedings not inconsistent with the views expressed herein.
JOHNSON, J., dissents and assigns reasons.
JOHNSON, J., Dissenting.
These officers were on patrol in the vicinity of 1924 Jackson Avenue, but there had been no reports of criminal activity in the area and the officers did not observe any. What they did observe was two men standing outside on the sidewalk in front of 1924 Jackson Avenue. The men were not engaged in any criminal activity, but the officers recognized one of the men to be Grant Perkins, who had been arrested previously for narcotics. According to Officer Weise, he stepped out of the car to conduct an investigation, and the unknown man fled. Officer Weise was unable to catch this unknown man, but he testified that the man threw down what appeared to be crack cocaine. However, this alleged contraband could not be found by the officer. Having lost this unknown suspect and not finding what he thought to be discarded contraband, Officer Weise decided to crawl through an opening in someone's fence to get back to the street. This fence just happened to be surrounding the property at 1924 Jackson Avenue.
Clearly, when Officer Weise crawled through the opening in the fence and walked up the alley, he had no evidence of a crime to be investigated. While I will not speculate as to why the unknown man fled, the officers had no reason to approach these two men since there was no testimony that they were engaged in any illicit (illegal) activity. In my opinion, a person who has been arrested previously, *203 such as Grant Perkins, has the same rights as everyone else to stand on a public sidewalk. The majority seems to be of the opinion that once you have been arrested for some illegal activity, the mere action of you standing on a public sidewalk is grounds for a criminal investigation.
The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" by governmental officials. U.S.C.A. Const.Amend. 4; United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984). "A search occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." Id. Individuals in our society generally have the highest expectation of privacy within the curtilage of their homes. Further, this expectation of privacy within the curtilage of the home is "afforded the most stringent Fourth Amendment protection." United States v. Martinez-Fuerte, 428 U.S. 543, 561, 96 S.Ct. 3074, 3084, 49 L.Ed.2d 1116 (1976). This Court has recognized the front porch of a private residence as a part of the curtilage of the home, but affords this area a somewhat lessened measure of protection than that afforded the home. This lessened protection stems from "an almost implicit understanding and custom in this country that, in the absence of signs or warning, a residence may be approached and the occupants summoned to the door by knocking." State v. Sanders, 374 So.2d 1186, 1189 (La.1979).
The majority points to "the overwhelming weight of authority that "police with legitimate business may enter the areas of the curtilage which are impliedly open to use by the public, and that in doing so they are free to keep their eyes open and use their senses." "See 1 Wayne R. LaFave, Search and Seizure, § 2.3(c), p. 483 (1996). Based on this authority, the Court concludes that the officer's seizure of the cocaine packet in this case was lawful. The majority is of the opinion that Officer Weise was conducting a legitimate police investigation when he knocked on the side of defendant's home and looked through the opened front door. In my mind, this is untenable. While it is true that police officers may approach a private residence to investigate criminal activity, the officers in this case had no information about criminal activity at this residence.
The decision rendered in this case will lead to unwarranted invasions of privacy. The jurisprudence explains that "a law enforcement officer's observations from a public vantage point where he has a right to be and from which the activities or objects he observes are clearly visible do not constitute a search within the meaning of the Fourth Amendment." United States v. Taylor, 90 F.3d 903, 909 (4th Cir.1996) (internal quotation marks omitted) (emphasis added), citing, California v. Ciraolo, 476 U.S. 207, 213, 106 S.Ct. 1809, 1813, 90 L.Ed.2d 210 (1986). The lower courts were correct in concluding that Officer Weise had no right to be on the defendant's front porch, and in suppressing the evidence obtained in violation of the defendant's Fourth Amendment rights.
For these reasons, I respectfully dissent.
NOTES
[*] Lemmon, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.