BROWN, Judge.
This pre-trial application for supervisory writ arises from a pending criminal matter. The state has charged defendant with possession of cocaine with intent to distribute. The state seeks reversal of the trial court’s grant of a defense motion to suppress the cocaine seized in the search of an apartment.

Facts

Monroe P.D. Officers Passman, Richardson and Melton, driving a marked police car, were checking various locations in the city known to be high drug activity areas. They saw defendant sitting on an apart- *2 merit house stairwell near a public sidewalk drinking a bottle of beer. Officer Passman testified that it is illegal in Monroe to have an open container in public housing areas. The apartment building is in a high crime area known for narcotics trafficking.
One of the officers, Richardson, knew defendant and had previously warned him not to loiter at that location. Richardson knew defendant was not a resident of that building, so the police believed he was trespassing. When defendant saw the police he walked or darted inside apartment number 10. About 20 minutes later, the officers drove by again and saw defendant in the same location with the beer bottle. The police stopped. Defendant again walked inside the apartment. The officers watched through a screen door and, without losing sight of defendant, saw him place the beer bottle and an unidentified object on a counter. The officers approached the door and smelled the odor of marijuana coming from the apartment. Defendant complied with an order to exit the apartment.
| ^Officer Passman obtained consent from a resident of the apartment, Edward Green, to search the area where the police had seen defendant deposit the object. Officer Richardson searched the counter and found the beer bottle and a small plastic bag which contained 19 rocks of crack cocaine. The bag was within three inches of the beer bottle.
The police booked defendant with an open container violation, trespassing and possession of cocaine with intent to distribute.

Discussion

The right of law enforcement officers to temporarily detain and interrogate persons reasonably suspected of criminal activity is well established. La.C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Fauria, 393 So.2d 688 (La.1981); State v. Taylor, 363 So.2d 699 (La.1978). The right to make an investigatory stop must be based on reasonable cause to believe that the suspect has been, is, or is about to be engaged in criminal activity. State v. Washington, 621 So.2d 114 (La.App. 2d Cir.1993), writ denied, 626 So.2d 1177 (La.1993); State v. Patterson, 588 So.2d 392 (La.App. 4th Cir.1991); State v. Thibodeaux, 531 So.2d 284 (La.App. 3d Cir. 1987).
Reasonable cause for an investigatory stop is something less than probable cause, but the officer must have “articulable knowledge” of particular facts which, in conjunction with reasonable inferences drawn therefrom, provide reasonable grounds to suspect the detainee of criminal activity. State v. Flowers, 441 So.2d 707 (La.1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); State v. Rodriguez, 396 So.2d 1312 (La.1981); State v. Washington, supra; State v. Thibodeaux, supra.
The police officers approached defendant because they thought he was trespassing and because he was violating the city ordinance against possessing alcoholic beverages in public. Defendant, who was in a high crime area known for narcotics activity, acted suspiciously by trying to elude the police by walking into the apartment both times he saw them in the area and, on the second occasion, by placing an unknown object on the counter. These are articulable reasons for the stop. They constitute a reasonable belief that defendant was engaging in illegal activity. “Presence in a high crime area, coupled with other suspicious actions upon the approach of officers is sufficient to justify an investigatory stop.” State v. Furlow, 34,339 (La.App.2d Cir.02/28/01), 780 So.2d 602, 606 citing State v. Willis, 31,561 (La. *3 App.2d Cir.01/20/99), 728 So.2d 493. See also Illinois v. Wardlow, 98-1036 (01/12/00), 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570.
Most importantly, defendant was in a high crime area known for drug trafficking. He fled from the police officers without provocation when they appeared. Under these circumstances, the investigatory stop was based on a reasonable suspicion of criminal activity and was lawful under Wardlow and Furlow. The subsequent entry into the apartment was conducted pursuant to consent of the occupant. We note, however, the supreme court decision in State v. Deary, 99-0627 (La.01/28/00), 753 So.2d 200. In that case, the court stated:
|3In the present case, Officer Weise approached the opened front door of the residence intending to question the occupants about the individual the officer had observed leave the premises in the company of another person known to Weise from prior narcotics arrests. The suspect had bolted at the sight of the police, discarding as he ran in a foot chase with Weise “a whole handful” of what the officer believed was rock cocaine. Weise lost the suspect between houses and failed to recover the discarded pellets. The officer was nevertheless conducting a legitimate police investigation when he returned to the premises, knocked on the side of the house, and looked through the opened front door. A gated fence controlled access to the front of the house but Weise stood at the front door next to a mailbox which clearly indicated that the porch, although within the curtilage of the home, did not function, and was not intended to function, as a private enclave against business invitees or the general public. When Weise observed the startled defendant drop the plastic bag filled with rock cocaine to the floor, he acquired probable cause to make an arrest, and exigent circumstances arising from the need for immediate action excused the warrant requirement. See Roaden v. Kentucky, 413 U.S. 496, 505, 93 S.Ct. 2796, 2802, 37 L.Ed.2d 757 (1973) (“Where there are exigent circumstances in which police action literally must be ‘now or never’ to preserve the evidence of the crime, it is reasonable to permit action without prior judicial evaluation.”) (footnote omitted and citations omitted).
State v. Deary, 753 So.2d at 202.
Accordingly, the district court erred in granting the defense motion to suppress. Said ruling is reversed and this case remanded for further proceedings.
WRIT GRANTED AND MADE PEREMPTORY.