BELSOME, J.,
concurs with reasons.
Li respectfully concur in the result, but write separately to discuss the applicability of the Fourth Amendment to a commercial business in this case. While the U.S. Supreme Court has drawn distinctions between Fourth Amendment protections afforded to the sanctity of a private residence compared to a business or commercial entity, they have nonetheless applied these protections from unreasonable searches to commercial entities. See New York v. Burger, 482 U.S. 691, 699-700 107 S.Ct. 2636, 2642, 96 L.Ed.2d 601 (1987); Donovan v. Dewey, 452 U.S. 594, 598-99, 101 S.Ct. 2534, 2537-38, 69 L.Ed.2d 262 (1981).[1] The nature of these limitations is drawn from what we as a society deem to be reasonable and thus provide guidance in the instant case.
Moreover, the Louisiana Supreme Court has held that notwithstanding the expectation of privacy in the sanctity of a person’s home, observations made by police officers who walked up to and looked into an individual’s residence through the front door were not unreasonable and thus not protected under the Fourth Amendment. State v. Deary, 1999-0627, p. 2 (La.1/28/00), 753 So.2d 200, 201. In Deary, the Court found that police officers have “the same right as other |amembers of the public to approach the doorway [of a home] and see what was exposed by the owner to the view of the general populace.” Id. The Court then noted that in upholding a warrantless search based upon an officer’s observation of contraband through a windowpane in the front door, its holding in State v. Dixon followed “the overwhelming weight of authority that ‘police with legitimate business may enter the areas of the curtilage [of a home] which are impliedly open to use by the public, and that in so doing they are free to keep their eyes open and use their other senses.’ ” Id. (quoting 1 Wayne R. La-Fave, Search and Seizure, A Treatise on the Fourth Amendment § 2.3(c), p. 483 (3d ed.1996) ).[2]
In this case, despite defendant’s contentions that the officers had to traverse the business’ parking lot in order to look through the gap in the garage doors, the unfenced parking lot did not function as a private enclave against business invitees or the general public. The officers approached the opening in the garage doors in the instant case just as the officer approached the open front door of the defendant’s home in Deary[3] As the majority *780 noted, the Deary Court found that although a gated fence controlled access to the front of the house, the officer “stood at the front door next to a mailbox which clearly indicated that the porch, although within the curtilage to the home, did not function, and was not intended to function, as a private enclave against business invitees or the general public.” Deary, 753 So.2d at 202.
Pursuant to the distinction between privacy expectations for businesses compared to homes, Burger, supra; Donovan, supra, and the Louisiana Supreme |aCourt jurisprudence upholding warrantless searches from officers looking through the front door of a person’s home, Dixon, supra; Deary, supra, the' officer’s observations with the naked eye through the three-inch gap in the business’ garage doors, which were widely accessible to the general public, did not violate the Fourth Amendment under these particular facts and circumstances.

. "[T]he expectation of privacy that the owner of commercial property enjoys in such property differs significantly from the sanctity accorded an individual's home.” Donovan v. Dewey, 452 U.S. 594, 598-99, 101 S.Ct. 2534, 2537-38, 69 L.Ed.2d 262 (1981)(em-phasis added).

. This portion of the treatise remains unchanged through the 4th Edition (2007). Additionally, the treatise further provides that "If police using the naked eye or ear are able to see or hear [objects or events inside a business] while located on adjoining property or even on property of the business which is readily accessible to the general public, this is not a search.” 1 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 2.4(b) (4th ed.2007).

.It is worth noting that the Sixth Circuit, in U.S. v. Elkins, 300 F.3d 638, 653 (6th Cir. 2002), found that “it is clear that areas that adjoin a commercial building but are accessible to the public do not receive curtilage-like protection” and "even inside a building, the Fourth Amendment is not violated when police walk into parts of a business that are knowingly exposed to the public.”