CRICHTON, J.,
concurs in the result and assigns reasons.
hi concur in the per curiam and agree that the trial court abused its discretion.
Warrants are generally required to search an individual’s home unless the “exigencies of the situation make the needs of *966 law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment.” State v. Lee, 05-2098, pp. 14-15 (La.1/16/08), 976 So.2d 109, 122.[1] “Exigent circumstances” include responding to a crime in progress, the safety of the officers and .others, and preservation of evidence. See State v. Warren, 2005-2248, p. 9-10 (La.2/22/07), 949 So.2d 1215, 1224. The existence of exigency is determined by examining the “totality of the circumstances.” Id. For the reasons set forth in the per curiam, I believe the circumstances here meet the exigency standard, and the officers had probable cause to search the premises and secure the evidence.[2]

. The evidence here was on the porch attached to defendant's residence, which is the “curtilage” of the home for Fourth Amendment purposes. State v. Deary, 99-0627, p. 1 (La.1/28/00), 753 So.2d 200, 201. However, a front porch “does not necessarily enjoy the same measure of protection accorded the home” itself. Id. (quotation omitted).

. I decline to join the portion of the opinion that addresses abandonment. Because the porch at issue was attached to the defendant’s residence, in my view, the record does not support the conclusion that this defendant “abandoned” the evidence. I also note that the per curiam is a plurality opinion and therefore "lack[s] precedential authority.” See Warren v. La. Med. Mutual Ins. Co., 2007-0492 (La.12/2/08), 21 So.3d 186, 210 (Knoll, J., concurring).