ARMSTRONG, Judge.
On November 6, 1981, defendant was charged with a violation of LSA-R.S. 40:967, relative to the offense of possession of a controlled dangerous substance, to-wit: pentazocine. Trial was held on March 28, 1983, at which time defendant was found guilty by a six-person jury of attempted possession of a controlled dangerous substance. On May 2, 1983, defendant was sentenced as a multiple offender to five years at hard labor, suspended, five years active probation. As a special condition of probation defendant was to enter the Odyssey House for treatment of his drug addiction.
On September 16, 1983, the State filed a rule to show cause why probation should not be revoked alleging that defendant had violated the conditions of his probation by causing problems at the Odyssey House sufficient to require his removal from the program. On November 4, 1983, defendant’s probation was revoked and his original sentence made executory. It is from this conviction and sentence that defendant has been granted this out-of-time appeal. No formal assignments of error were filed.
The record reflects that on November 6, 1981 at approximately 4:50 a.m., two police officers, Officer Jose Matthews and Samuel Pool, Jr., on patrol, noticed the defendant near the intersection of Erato and South Rampart Streets. The officers had previously observed Ms. Paula Kennedy, known for soliciting, at that location and had advised her to leave the area. The officers then circled the block in order to make sure that she had followed their instructions. On their second pass, the police officers observed the defendant with Kennedy. The defendant was stumbling down the street, apparently intoxicated. Officer Matthews placed the defendant under arrest for being drunk in public and for carrying an open glass container. As the defendant was being frisked for weapons by Officer Matthews, the defendant threw down some objects wrapped in tin foil and appearing to be sets of T’s and Blues. Defendant was placed under arrest for the possession of pentazocine.
The defense presented the testimony of Clyde D. Thompson, owner of a bar near the site of defendant’s arrest. He testified that his bar was the only one open in that area from 3 a.m. to 7 a.m. and that the defendant had been in his bar on the night of the incident. He remembered that defendant had had only one beer and had not appeared drunk. Further, Thompson testified that he only served in cups and that defendant left the bar empty-handed. Thompson at first testified that defendant left his bar at 2:30 a.m. but later said he was unsure of the exact time.
The defendant testified that when he left the bar, he saw Ms. Kennedy. The police officers then drove up, one approaching Ms. Kennedy, the other coming toward the defendant. Defendant said that he was taken to Central Lock-Up without being aware of any charges against him. Defendant further testified he had not been drunk and was not carrying an open glass container. He maintained that the drugs which had been used against him were never in his possession and had in fact been found on the floor of Central Lock Up. He maintained that the arresting officers had to be called back to Central Lock Up to “re-book” him on the drug charges. After defendant was released on bond, he filed with the Police Department’s Office of Internal Affairs a complaint of harassment against the officers.
In brief the defense asks this court to review the record for errors patent and to consider the sufficiency of the evidence and the excessiveness of defendant’s sentence. Because no assignments were filed, our review will be limited to errors patent and sufficiency of the evidence. C.Cr.P. *675 art. 920; State v. Spell, 399 So.2d 551 (La.1981); State v. Duperon, 448 So.2d 720 (La.App. 5th Cir.1984); State v. Russell, 448 So.2d 798 (La.App. 2nd Cir.1984), writ denied 450 So.2d 956 (La.1984).
A review of the record reveals no errors patent.
In accordance with State v. Raymo, 419 So.2d 858 (La.1982), we will review the evidence to determine if it is sufficient to support defendant’s conviction. Defendant was convicted of attempt possession of pen-tazocine. The pertinent statutory provisions on possession of a controlled dangerous substance were contained in LSA-R.S. 40:967(C) and provided as follows:
C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner or provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this Part.
“Attempt” is defined in LSA-R.S. 14:27, which provides in relevant part:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
The evidence presented at trial established that Mark Square was arrested for public drunkeness and for carrying an open glass container. Thereafter, as Officer Matthews frisked the defendant for weapons, defendant reached into his pocket and threw down 3 sets of T’s and Blues wrapped in foil. Officer Pool, although not having observed the defendant throw down the sets, identified the evidence as that seized by his partner on the street. Although the defendant himself testified contradictorily, this direct evidence supports the conclusion that defendant did possess pentazocine. The jury returned a responsive verdict of attempt possession. A person may be convicted of a lesser included offense even though it is proven that defendant did the prohibited deed. LSA-R.S. 14:27C.
The standard for review of the sufficiency of the evidence is mandated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court must determine whether the evidence, viewed in the light most favorable to the prosecution, is sufficient for a rational juror to conclude that the defendant is guilty beyond a reasonable doubt. Jackson, supra; State v. Wright, 445 So.2d 1198 (La.1984). Viewed in this light, it is clear that the evidence is sufficient to support defendant’s conviction.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.