558 So.2d 785 (1990)
STATE of Louisiana
v.
Antoine SANDERS.
No. 89-KA-726.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1990.
Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant.
John M. Mamoulides, Dist. Atty., Alan Green, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for the State.
Before KLIEBERT, DUFRESNE and WICKER, JJ.
*786 WICKER, Judge.
Defendant Antoine Sanders (Sanders) was charged by bill of information with a violation of L.S.A.-R.S. 14:67 in that he did commit theft of merchandise of a value of $225.42 belonging to Schwegmann's. A six person jury found him guilty of theft of property having a value of $100.00 or more. He was sentenced to serve two years imprisonment at hard labor, with credit for time served. We affirm the conviction and sentence.
The testimony at trial set out the following: On September 25, 1986, Kenneth Milton (Milton), while employed as assistant chief of security at the Schwegmann's located on Veterans Boulevard, observed Sanders take two unopened boxes of J & B Scotch Whiskey from the liquor section. Milton, standing about 10-15 feet from Sanders, observed him place the two cases of liquor in his empty grocery basket, walk between two checkout stands that were closed, proceed to the front of the store and attempt to leave without paying for the whiskey.
Sanders was halfway out the exit door of Schwegmann's when Milton approached him, identified himself, and asked him to come back inside the store. Sanders was then read his rights and detained in the security office until a deputy from the Jefferson Parish Sheriff's Office arrived. Milton testified that the only thing he recalled Sanders saying was that he was taking the liquor to sell because he wanted to buy some more crack.
Sanders was subsequently arrested by Deputy Timothy Bateson of the Jefferson Parish Sheriff's Office and charged with theft.
In addition to the testimony of the witnesses, the State introduced a photograph of the two cases of stolen liquor and also a photograph of Sanders taken by Milton after the incident. Milton identified these photographs in court.
Sanders now assigns two errors:
1. That the evidence introduced at trial was insufficient to uphold a verdict of guilty as charged in that the evidence of value was inadequate to prove beyond a reasonable doubt that the subject of the alleged theft was more than $100.00.
2. Any and all errors patent.
Sufficiency of Evidence
The standard used by a reviewing court in evaluating a claim of insufficient evidence is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the defendant guilty of every element of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La.1988).
In the instant case, the jury, after hearing all of the evidence found Sanders guilty of theft of property having a value of $100.00 or more. The elements of this offense are set forth in L.S.A.-R.S. 14:67 which provides, in pertinent part, as follows:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.

. . . . .
When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
Therefore, in order to sustain a conviction, the State must prove beyond a reasonable doubt: (1) that Sanders misappropriated or took; (2) a thing of value; (3) that belonged to another; and (4) that Sanders had the intent to deprive the owner permanently of that which was misappropriated or taken. The State must further prove the value of the stolen property, for upon this proof depends the determination of the severity of the theft, and the punishment *787 for the convicted offender. State v. Bourg, 470 So.2d 291 (La.App. 5th Cir. 1985), writ denied, 475 So.2d 354 (La.1985).
We think the evidence presented to the jury was sufficient, considered in the light most favorable to the prosecution, to conclude that Sanders was guilty of theft of property having a value of over $100.00. The testimony of Milton, the security officer at Schwegmann's, established that on September 25, 1986, Sanders took two cases of J & B Scotch Whiskey from the liquor section of Schwegmann's and proceeded to exit the store without attempting to pay for the items. The intent to permanently deprive may be inferred from the facts and circumstances of Sanders' actions in that he put the two unopened cases of liquor in an empty basket, proceeded through two closed checkout stands to the front of the store, and then proceeded to exit the store without paying for the liquor. This testimony sufficiently established that Sanders took a thing of value that belonged to another with the intent to deprive the owner permanently of that which was taken.
In addition, the testimony at trial established the value of the property taken. Milton testified that the approximate value of the two cases of liquor was $225.42. He testified that this value was determined because "I got with the liquor supervisor and we verified the prices by the case." Thus, the State proved beyond a reasonable doubt that Sanders committed theft of property having a value of over $100.00. Accordingly, this assignment lacks merit.
Errors Patent
Also assigned as error are any and all errors patent on the face of the record. L.S.A.-C.Cr.Proc. Art. 920 provides that "[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and the place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Schneider, 542 So.2d 620 (La.App. 5th Cir. 1989), writ denied 548 So.2d 1245 (La. 1989).
A review of the record reflects that there are no errors patent. Accordingly, this assignment lacks merit.
Therefore, for the reasons stated, Sanders' conviction and sentence are affirmed.
AFFIRMED.