GAUDIN, Judge.
Cortez Gatlin was convicted by a jury in the 24th Judicial District Court of theft of property valued over $100.00 (LSA-R.S. 14:67) and sentenced to two years in parish prison with credit for time served. He assigns these errors on appeal:
(1) the state did not prove beyond a reasonable doubt that the stolen property was worth over $100.00, and
(2) the imposition of a two-year sentence was not supported by reasons given by the trial judge.
Gatlin and another man were convicted of stealing various seafood items from Brewers Seafood Restaurant in Kenner, Louisiana on May 23, 1991. We affirm both his conviction and the sentence.
ASSIGNMENT NO. 1
Here, Gatlin contends that the state’s witnesses did not prove that the stolen seafood was valued at over $100.00. The restaurant’s owner, Roy Walker, testi *888 fied that he gave the investigating police officer a list of the stolen property, along with values, following the theft. This list is in evidence and it shows the following values:
$26.00 — boiled crabs,
33.75 — 15-pound sack of boiled craw-fish,
30.00 — five-pound sack of boiled shrimp,
15.00 — five-pound sack of fillet catfish.
These items total $104.75. Several color photographs of these items are in evidence.
In establishing the value of movables, an owner’s testimony is generally admissible absent a showing that the owner lacks pertinent knowledge. The weight to be afforded such testimony is an issue for jury determination. See State v. Dilworth, 358 So.2d 1254 (La.1978); also, State v. Sanders, 558 So.2d 785 (La.App. 5 Cir.1990).
The testimony of Walker, the police officer’s testimony and his list of stolen property and the color photographs were sufficient for the jury to find that the stolen property was in fact worth over $100.00.
ASSIGNMENT NO. 2
At sentencing, the trial judge stated:
“All right. And the defendant is on probation now from another division of court, and he was given two years Parish Prison in that division. And it appears that his probation is going to be revoked irregardless (sic.) of what I do; but the Court is going to — I’m going to sentence him to two years Parish Prison; and the Judge that has the revocation, he may run it concurrent, probably will. He has really lost nothing here. He was the secondary person, so he was helping someone else in the theft. He was not the primary person. The Court is aware of that. That’s why I’m just making a minimum type sentence. I will give him credit for time he has served on this particular charge. And it’s two years Parish Prison.
“The reason I’m giving him time instead of putting him on probation is, one reason, he’s on probation now. Then I think there’s an undue risk during any period of suspended sentence that he would get involved in some other criminal activity. I think he is in need of correctional treatment and a custodial environment for a period of time would probably be to his advantage.”
These reasons fully support the sentence imposed. Gatlin could have been sentenced to serve his two years at hard labor and he could have been fined $2,000.00. The state calls the imposed sentence relatively mild. In any event, this assignment of error, like the first assignment, lacks substance.
AFFIRMED