684 So.2d 526 (1996)
STATE of Louisiana
v.
Donald JOHNSON.
No. 95-KA-2371.
Court of Appeal of Louisiana, Fourth Circuit.
November 20, 1996.
Harry F. Connick, District Attorney of Orleans Parish, Giustina L. Persich, Assistant District Attorney of Orleans Parish, Paul C. Fleming, Jr., Assistant District Attorney of Orleans Parish, Joseph E. Lucore, Assistant District Attorney of Orleans Parish, New Orleans, for Appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for Defendant/Appellant.
Before LOBRANO, LANDRIEU and MURRAY, JJ.
LANDRIEU, Judge.
At issue in this case is the sentence imposed on Donald Johnson.
FACTS
Around 11:00 a.m. on May 8, 1994, a man, later identified as the defendant Donald Johnson, walked into the Family Dollar Store located at 3071 Gentilly Boulevard. Thomas Hurst, the manager of the store, noticed Johnson because he appeared to be loitering in the shoe department. While Hurst watched, Johnson began lacing a pair of shoes which he had selected from the shoes on display. Hurst then observed Johnson lace a second pair, at which time Hurst was called to the front of the store.
*527 A short time later, Hurst saw Johnson pass by the cashiers and attempt to walk out the door while wearing the pair of shoes from the store's inventory that Hurst had seen him lacing. Hurst walked up to Johnson and asked him to step back further inside the store. Johnson pulled away from him, crouched down, pretended to grab at something under his shirt, and told Hurst that he had a gun and would "blow him away." Hurst backed away but another shopper whose child began crying and who was standing nearest to Johnson, slapped Johnson in the face and walked off. Johnson fled the store and rode off on his bicycle. No one ever saw a weapon.
Johnson was unarmed when he was arrested within the hour at a nearby K-Mart for shoplifting items valued at less than $100.00. The officers investigating the Dollar Thrift Store incident returned Johnson to the store. Hurst was able to identify Johnson, who was still wearing the stolen shoes, as well as the bicycle upon which he had fled.
Johnson was charged with one count of first degree robbery to which he pleaded not guilty. He was found guilty as charged after a jury trial. He pleaded guilty to a multiple bill of information and was sentenced as a triple offender to serve twenty-six years and eight months at hard labor. His counsel filed an appeal requesting an errors patent review and Johnson filed pro se alleging that double jeopardy barred his being charged with the robbery and that his counsel was ineffective.

DISCUSSION
By his first assignment of error, Johnson contends that his prosecution in this case was barred by double jeopardy because he had already pleaded guilty in magistrate court to the same theft. By his second assignment, he contends that his trial counsel was ineffective for failing to investigate this prior plea and for failing to raise the double jeopardy issue. Johnson asserts that he pleaded guilty in case # 370-760"M2" to theft of goods valued under $100.00, which he insists were the shoes he stole from the Family Dollar Store. He attaches the guilty plea transcript from the magistrate case, which shows that he pleaded guilty, but it does not indicate what was stolen or from where it was stolen.
The docket master and bill of information from case # 370-760"M2", indicates that the theft to which the appellant pleaded guilty was for goods valued under $100.00 from K-Mart on May 8, 1994. The robbery in the case before this court concerns a taking from the Family Dollar store earlier on the same day. Thus, these two cases involve two separate incidents and double jeopardy is not an issue. Therefore, counsel was not ineffective for failing to "investigate" this case and failing to raise a double jeopardy claim. These assignments of error are without merit.
Johnson's counsel requests a review of the record for errors patent which reveals only one error. The minute entry of sentencing indicates that although Johnson was sentenced to the correct minimum term of years as a third offender, there is no indication that the trial court imposed the sentence without benefit of parole, as mandated by La.Rev.Stat.Ann. 14:64.1 (West 1986). Therefore, the sentence is illegally lenient. Under State v. Fraser, 484 So.2d 122 (La. 1986), because the error, on its face, appears favorable to Johnson and the State did not raise the issue, we should ignore it. However, for the reasons later stated, to ignore the error would do injustice to Johnson.
Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel reviewed all available transcripts and found no trial court rulings which arguably support the appeal. This court notified Johnson that he would be allowed to file his own brief which he has.
As per Benjamin, an independent, thorough review of all the pleadings filed in the district court which are in the appeal record, all minute entries of the district court proceedings, the bill of information, and all transcripts contained in the appeal record was *528 conducted. Johnson was properly charged by bill of information with first degree robbery, a violation of La.Rev.Stat. 14:64.1, and the bill was signed by an assistant district attorney. Johnson was present and represented by counsel at arraignment, all hearings, and sentencing. The evidence adduced at trial was sufficient to support Johnson's conviction of guilty of first degree robbery. Besides Johnson's sentence being illegally lenient, a review of the record reveals no other errors patent.
Johnson was sentenced as a triple offender under the Habitual Offender Law, La.Rev.Stat.Ann. 15:529.1 (West Supp.1996) to the minimum allowed under the statute 26 years, 8 months. Johnson's motion for reconsideration of that sentence was denied. His counsel then filed only an errors patent appeal.
In State v. Sepulvado, 367 So.2d 762 (La. 1979), the Supreme Court found that a sentence imposed by the trial court was constitutionally excessive even though it was within the statutory limits. In State v. Dorthey, 623 So.2d 1276 (La.1993), the Supreme Court found that a trial court could sentence a defendant to less than the minimum mandated by the multiple bill statute if the court found that the minimum statutory sentence was constitutionally excessive.
Johnson, at the time of his offense, was thirty years old. He does not have a history of violent crime: his prior offenses resulting in his being multiple billed include two counts of drug possession, one with intent to distribute, and a theft multiple offender charge stemming from cumulated multiple misdemeanor thefts. He has had several other arrests, almost all of which involve shoplifting, theft of property valued at under $100.00, simple robbery, and or possession of stolen property valued under $100.00.
The purpose of the law is justice, which can be served only when the various components of the system are thoughtfully working in concert towards that end. When the system grinds routinely without each component individualizing each case, the general rules can produce the occasional unjust result.
Acting within its constitutional authority, the Legislature provided the definition and penalty range for the offense of first degree robbery and the definitions and enhanced sentencing ranges for multiple offenders. The District Attorney, acting within his discretion, charged Johnson with first degree robbery and then as a multiple offender. The jury was technically correct in finding Johnson guilty of first degree robbery. The trial court correctly found Johnson to be a multiple offender and imposed the minimum sentence of twenty-six years and eight months as mandated by the Legislature.
Other than the failure to state that the sentence was imposed without benefit of parole, the proceedings have been technically free of error. Each component of the system routinely performed its function within the law, but the result cannot be said to be just. To be sure, Johnson is no model citizen. He is a repeat offender and, as such, clearly deserves imprisonment. However, his record is not one of violence and yet the system produced a mandated sentence of over twenty-six years, with no possibility of parole, for shoplifting a pair of inexpensive tennis shoes.
The trial court chose not to exercise its authority under Dorthey. We feel compelled to do so. Johnson's conviction is affirmed. However, we find the sentence for this defendant under the circumstances of the offense and his previous convictions to be constitutionally excessive. His sentenced is vacated and the matter is remanded to the trial court for re-sentencing.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED; MOTION TO WITHDRAW DENIED.
LOBRANO, J., dissents in part.
LOBRANO, Judge, dissenting in part.
I respectfully disagree with that part of the majority opinion which vacates defendant's sentence. Although the majority phrases the issue in this case as the "sentence imposed on Donald Johnson," that was an issue never raised by him. Defendant pled guilty to the multiple bill filed against him and never assigned or briefed as error the "excessive sentence" found by the majority. *529 Under the guise of remanding because defendant's sentence was illegally lenient, an issue not raised by the state, the trial judge then is directed to consider excessiveness. In State v. Sepulvado, 367 So.2d 762 (La. 1979) cited by the majority, the defendant assigned as error constitutional excessiveness. In the instant case, it was not.