hMURRAY, Judge.
Timothy A. Jackson was charged with theft of .merchandise worth more than $100 and less than $500, a violation of La.R.S. 14:67(B)(2). After trial on April 10, 1996, he was foun,d guilty as charged. On May 13, 1996, the State filed a multiple bill and after a hearing on the matter, Mr. Jackson was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence as a fourth felony offender under La. R.S. 15;529.1.
' Through counsel Mr. Jackson filed a motion to reconsider the sentence, which was denied. This appeal followed.

FACTS:

Michael Thompson, a security agent for Maison Blanche, testified that he was monitoring the camera system about 12:40 p.m. on January 2,1996, when he observed Mr. Jackson take a jacket from a rack and walk off with it without stopping at the cash register to pay for the merchandise.[1] Mr. Thompson said hejjhurried downstairs and out onto the street where he saw Mr. Jackson put the jacket down. When asked why he took the jacket, Mr. Jackson responded, “I just need *496 ed another jacket, man.” The jacket cost $159.
Jared Phillips, a loss-prevention agent at Maison Blanche, testified he saw Mr. Jackson take a jacket from a hanger, drape it over his arm, and walk toward the door. Mr. Phillips notified Mr. Thompson via radio to watch Mr. Jackson pn the camera security system. Mr. Phillips also followed the defendant out of the store and across Canal Street. When Mr. Jackson realized that he was being followed, he put the jacket down on a newspaper stand and tried to walk away.
Cicero J. Patterson, an investigator for the Orleans Indigent Defender Program, testified that he went to Maison Blanche after talking with Mr. Jackson, and he found that all the jackets similar to the one at issue in this case were secured by a chain which ran through the sleeves.

DISCUSSION:

PRO SE ASSIGNMENTS OF ERROR:

. Mr. Jackson makes two assignments of error in his pro se brief. First he argues that the State did not' establish an unbroken chain of custody of the jacket’s price tag. He maintains that because the price tag was not attached to the jacket, the value of the jacket was in doubt.
In order to introduce demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual; testimony at trial can establish that the object exhibited is the one related to the case. Identification can also be by chain of custody; the custody of the object can be established from the time it was seized to the time it was offered in evidence. See State v. Sweeney, 443 So.2d 522 (La.1983). Any defect in the chain of custody goes to the weight |3of the evidence rather than the admissibility. State v. Alexander, 621 So.2d 861 (La.App. 5 Cir.1993), writ granted and case remanded for re-sentencing, 629 So.2d 876 (La.1993). The law does not require that the evidence as to custody eliminate every possibility that the object has been altered. For admission, it suffices that it is more probable than not that the object is the one connected to the case. State v. Frey, 568 So.2d 576 (La.App. 4 Cir.1990), writ denied, 573 So.2d 1118 (La.1991).
At trial, Michael Thompson testified about the custody of the jacket and its price tag. Mr. Thompson said the jacket had been in his custody since the incident. The price tag was in the pocket of the jacket. When Mr. Thompson was asked about the jacket’s value, he first said he was not sure of the price, and then he located the tag in the pocket and stated that the price was $159.99.
The jury viewed the videotape of the defendant taking the jacket, and then saw the jacket when the security officer identified it and testified as to the price. The security officer said he had continual custody of the jacket. The State sufficiently established the chain of custody of the jacket and of the price tag.
This assignment of error is without merit.
In a related argument Mr. Jackson contends that the State’s evidence was not sufficient to support a conviction of theft of over $100 because the actual retail price of the jacket was not established. Mr. Jackson claims that the security officer’s testimony as to the value of the jacket was opinion testimony and not admissible because the witness was not qualified as an expert. However, the value of the jacket was determined by looking at the price tag. Michael Thompson was testifying as to facts, not giving opinion testimony.
There is no merit in this assignment.

U COUNSEL’S ASSIGNMENT OF ERROR:

Defense counsel argues that the trial court erred in imposing an excessive sentence under State v. Dorthey, 623 So.2d 1276 (La.1993). He contends the circumstances of the offense justify a departure from the mandatory sentence of life imprisonment. After this conviction under La.R.S. 14:67, Mr. Jackson was sentenced in accordance with R.S. 15:529.1 A(1)(c)(ii), which states in pertinent part:
•If the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) ... the person shall be imprisoned for the *497 remainder of his natural life, without benefit of parole, probation, or suspension, of sentence.
After a sentencing hearing at which the State proved Mr. Jackson’s multiple offender status, the trial court simply stated that “because of the specific provisions of the law ... the sentence must be ... life imprisonment without benefit of parole, probation or suspension.” Mr. Jackson has prior convictions for simple burglary in 1991 and in 1986 and for simple robbery in 1979. Simple robbery is listed as a crime of violence under La.R.S. 14:2(18).
Defense counsel relies upon State v. Johnson, 95-2871 (La.App. 4 Cir. 11/20/96), 684 So.2d 526, writ of review issued, record ordered, 96-3041 (La. 9/19/97), 701 So.2d 138, where this Court found that the imposition of the minimum sentence for a third offender under La.R.S. 15:529.1 was excessive for a man convicted of first degree robbery with no violent criminal history. Donald Johnson, who stole a pair of tennis shoes from a Family Dollar Store, was sentenced to serve twenty-six years and eight months. This Court found the sentence to be-excessive and vacated the sentence, remanding the matter to the trial court for re-sentencing.
Defense counsel in this case argues that Timothy Jackson was similarly sentenced to life imprisonment according, to the “letter of the law” rather than |5receiving a sentence appropriate to someone who took a jacket worth $159. Defense counsel also maintains that under State v. Dorthey, supra, the trial court should have sentenced the defendant to a lesser term, and thus, this Court should vacate the sentence and remand the case.
We find the facts of this case to be very similar to State v. Johnson. Mr. Johnson’s only violent offense was his last conviction for first degree robbery. He was charged and found guilty of first degree robbery because he indicated to the store manager that he had a weapon as he left the store with the tennis shoes. However, when he was apprehended, he had no weapon. One of Timothy Jackson’s prior felonies is simple robbery. Although Mr. Jackson took $216 from his victim, no weapon was involved in the commission of that crime. Another similarity between this and Johnson is the item stolen: the defendant in Johnson took an inexpensive pair of tennis shoes; Mr. Jackson took a jacket worth $159.
The State argues that the sentence is appropriate because Mr. Jackson is a “career criminal” with four felony convictions since 1979. •
Although a sentence is within the statutory limits, it may still violate a defendant’s constitutional protection against excessive punishment. State v. Pollard, 93-0660, p. 1 (La. 10/20/94), 644 So.2d 370, 371; State v. Dorthey, 623 So.2d 1276, 1280 (La.1993); State v. Sepulvado, 367 So.2d 762, 767 (La.1979); State v. Neville, 695 So.2d 534, 539. A sentence is excessive “if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition, of pain and suffering and is grossly out of proportion to the severity of the crime.” Dorthey, 623 So.2d at 1280, quoting State v. Scott, 593 So.2d 704, 710 (La.App. 4 Cir.1991). A trial court is authorized to reduce a mandatory minimum sentence provided by statute for a [«particular offense and offender when such a term would be excessive under this standard. Pollard, supra In imposing a particular sentence, “[t]he court shall state for the record the considerations taken into account and the factual basis therefor.” La.Code Crim.Proc. art. 894.1 C. An appellate court is obligated to review criminal sentences for excessiveness under Article I, Section 20 of the Louisiana Constitution, Dorthey, supra, but must affirm that sentence if it is supported by the record, La.Code Crim.Proc. art. 881.4 D.
In State v. Johnson, this Court stated:
The purpose of the law is justice, which can be served only when the various components of the system are thoughtfully working in concert towards that end. When the system grinds routinely without each component individualizing each case, the general rules can produce the occasional unjust result.
State v. Johnson, 95-2371 at 4-5, 684 So.2d at 528. We find this case to be a prime *498 example of an unjust result. As stated earlier, Mr. Jackson has two prior simple burglary convictions and a conviction for simple robbery. The record also indicates that at the .time he was sentenced for the 1979 simple robbery, Mr. Jackson was multiple billed as a second offender for an earlier forgery conviction. The only crime of violence under La.R.S. 14:2(13) is the simple robbery for which Mr. Jackson was convicted eighteen years ago. Sincé that time, he has had two simple burglary convictions and the present offense. This is not to say that Mr. Jackson should not be imprisoned. However, life in prison without the possibility of probation, parole, or suspension of sentence is excessive.
Accordingly, for the reasons assigned above, we affirm the conviction, vacate the sentence, and remand, this case to the trial court for re-sentencing.
CONVICTION AFFIRMED; SENTENCE VACATED, REMANDED' FOR RE-SENTENCING.
LANDRIEU, J., concurs.

. A videotape of what Mr. Thompson saw on the monitor was played to the jury and is part of the record.