709 So.2d 679 (1998)
STATE of Louisiana
v.
Donald JOHNSON.
No. 96-K-3041.
Supreme Court of Louisiana.
March 4, 1998.
Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Joseph E. Lucore, New Orleans, for Applicant.
Dwight M. Doskey, New Orleans, for Respondent.
VICTORY, Justice.[*]
We granted writs of certiorari in this case[1] to determine whether an appellate court may rule upon the excessiveness of a defendant's sentence when the defendant does not argue *680 excessiveness as an assignment of error. For the reasons expressed below, we hold that the court of appeal erred in addressing sua sponte the issue of whether Donald Johnson's sentence is constitutionally excessive.

FACTS AND PROCEDURAL HISTORY
Around 11:00 a.m. on May 8, 1994, a man, later identified as Donald Johnson, entered the Family Dollar Store in Gentilly. Thomas Hurst, the manager of the store, noticed Johnson loitering in the shoe department. Hurst watched Johnson lace a pair of shoes which he had removed from a shoe display in the store. He then watched Johnson lace a second pair of shoes. At this time Hurst was called to the front of the store.
Soon after Hurst went to the front of the store he noticed Johnson attempt to leave the store wearing a pair of the shoes which Hurst saw Johnson lacing. Hurst asked Johnson to step back into the store. Johnson then pretended to grab at something under his shirt and told Hurst that he had a gun and would "blow him away". Hurst backed away. Another shopper, whose child began to cry as a result of the scene, slapped Johnson in the face. Johnson then fled the store on a bicycle. One hour later Johnson was arrested for shoplifting items at a nearby K-Mart. The arresting officers returned Johnson to the Family Dollar Store where Hurst identified Johnson, who was still wearing the stolen sneakers.
Johnson was charged with one count of first degree robbery and was found guilty after a jury trial. The state then filed a habitual offender bill to which Johnson pled guilty.[2] He was sentenced to twenty-six years and eight months, the statutory minimum for a triple offender with an underlying conviction of first degree robbery. Johnson's counsel filed an appeal requesting an errors patent review by the Fourth Circuit Court of Appeal. Johnson filed a pro se brief, raising as errors double jeopardy and ineffective assistance of counsel. Excessiveness of the sentence was neither raised nor briefed as an assignment of error.
The Fourth Circuit dismissed Johnson's claims of both double jeopardy and ineffective assistance of counsel. State v. Johnson, 95-2371 (La.App. 4th Cir. 11/20/96), 684 So.2d 526. The court then looked at the sentence imposed on Johnson. It acknowledged that the jury was correct in convicting Johnson of first degree robbery. In addition, Johnson was correctly found to be a multiple offender and received the minimum sentence mandated by the Legislature. But the court noted that Johnson did not have a history of violent crime. The court also characterized the facts surrounding his robbery conviction as simply "shoplifting a pair of inexpensive tennis shoes." Id. at p. 5, 684 So.2d at 528. While noting that Johnson deserves imprisonment, the court found the mandatory minimum sentence excessive given the circumstances of the instant offense and Johnson's previous convictions. Thus, the court, citing State v. Dorthey, 623 So.2d 1276 (La.1993), vacated Johnson's sentence and remanded him to the trial court for re-sentencing.

DISCUSSION
In State v. Sepulvado, 367 So.2d 762 (La. 1979), this Court held that Article I, Section 20 of the 1974 Louisiana Constitution gives appellate courts a basis for reviewing sentences imposed in individual cases to determine whether these sentences are constitutionally excessive. Only a few months later, in State v. Cox, 369 So.2d 118 (La.1979), we addressed the procedural requirements necessary for appellate review of a sentence as excessive. The issue in Cox was whether an objection to a sentence as excessive must be made in the trial court at the time the sentence is imposed in order to allow appellate review of the sentence as excessive. We held that excessiveness of a sentence may be reviewed by an appellate court even in the absence of an objection at the time the sentence *681 is imposed. However, we still adhered to the requirement that:
[w]ith the exception of death penalty cases (which this court must independently review in each instance for excessiveness, La.C.Cr.P. art. 905.9), individual excessiveness of sentence may be considered on appeal only where presented by assignment of error, La.C.Cr.P. art. 920(1), formally made as required by La.C.Cr.P. art. 844.

[emphasis added]
Id. at 121.
Cox, then, while announcing the rule that an objection in the trial court to a sentence as excessive was no longer a necessary prerequisite to an appellate court's consideration of the issue of excessiveness, recognized that excessiveness of sentence could not be considered on appeal unless presented by the defendant as an assignment of error. Lower courts have followed this rule in subsequent cases. See, e.g., State v. Square, 468 So.2d 673, 674 (La.App. 4th Cir.1985) (where no assignments of error filed, excessiveness of sentence not reviewed; limit review to errors patent and sufficiency of the evidence); State v. Duperon, 448 So.2d 720, 725 (La.App. 5th Cir.1984) (while an objection to a sentence at the trial court is not needed to preserve the issue of excessiveness of sentence on appeal, a defendant still must make sentence excessiveness an assignment of error to preserve the issue on appeal); State v. Sonnier, 441 So.2d 359 (La.App. 5th Cir.1983); State v. Smith, 450 So.2d 735 (La.App. 5th Cir.1984).
These decisions abide by the express language of La.C.Cr.P. 920, which states:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
On appeal Donald Johnson filed a pro se brief in which he formally assigned as error only double jeopardy and ineffective assistance of counsel. Johnson's counsel also filed an appeal requesting an errors patent review by the Fourth Circuit. Excessiveness of sentence is not an error patent. State v. Duperon, 448 So.2d 720, 725 (La.App. 5th Cir.1984). Since in his pro se brief Johnson did not assign as error excessiveness of his sentence, we hold that the Fourth Circuit improperly addressed the issue.
In its opinion the Fourth Circuit appeared to act under the impression that State v. Dorthey, supra, gave the court inherent power to address the issue of sentence excessiveness absent its assignment as error by the defendant. While Dorthey recognized that a mandatory minimum sentence under the Habitual Offender Law may be constitutionally excessive under Article I, Section 20 of the Louisiana Constitution, it did not address the procedures which a defendant must follow on appeal to have his sentence reviewed by an appellate court for excessiveness. Our statutory law, recognized in Cox, mandates that excessiveness may only be reviewed on appeal if assigned as error by the defendant. Since Donald Johnson did not assign excessiveness of his sentence as error to the Fourth Circuit, that court erred in addressing the issue. Thus, the portion of the Fourth Circuit's judgment which vacates Donald Johnson's sentence and remands it to the trial court for re-sentencing is vacated, and the statutory minimum sentence of twenty-six years and eight months imposed by the trial court on Donald Johnson is reinstated.

CONCLUSION
Appellate courts are permitted to review sentences for excessiveness only when a defendant assigns as error the excessiveness of his sentence. Absent such an assignment, though, an appellate court has no power to review sua sponte a sentence for excessiveness.

DECREE
For the reasons stated above, the part of the Fourth Circuit's judgment which vacates Donald Johnson's sentence and remands it to the trial court for resentencing is vacated. The statutory minimum sentence of twentysix years and eight months imposed by the trial court is reinstated.
*682 VACATED IN PART; AFFIRMED IN PART; SENTENCE REINSTATED.
JOHNSON, J., dissents and assigns reasons.
JOHNSON, Justice, dissenting.
The purpose of the multiple offender law is to get violent criminal offenders off of the streets. In the instant case, the defendant was charged with a non-violent crimeparticularly, the theft of cheap tennis shoes valued at $5.00 from a Family Dollar Store. Non-violent crimes of this nature were traditionally handled in municipal court. Under the facts and circumstances of this case, a sentence of 26 years and 8 months is not only excessive and grossly disproportionate to the crime, but an unjustified, unnecessary and wasteful use of resources and of the taxpayers' dollars.
Our citizens often complain about the amount of their tax dollars spent annually to maintain those incarcerated, and about the limited jail space. The jail space defendant will be occupying for 26 years and 8 months, basically for the theft of a cheap pair of tennis shoes, could be reserved for occupancy by a violent criminal or one convicted of a more serious crime. This defendant, although a multiple offender, has no history of violent crimes.
A sentence is constitutionally excessive when it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992), citing State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Lobato, 603 So.2d at 751, citing State v. Hogan, 480 So.2d 288 (La.1985). Imposition of a mandatory sentence of 26 years and 8 months, with no possibility of parole, for shoplifting a pair of cheap tennis shoes is constitutionally excessive. Moreover, the fact that defendant failed to raise excessiveness as an assignment of error should be of no consequence. This court has previously vacated a sentence as excessive irrespective of the defendant's failure to raise excessiveness as an assignment of error. See State v. Dumaine, 541 So.2d 880 (La.1989). Subjecting this defendant to an excessive sentence, basically because of a questionable technicality, is inequitable and unreasonable under the facts and circumstances of this case.
For the foregoing reasons, I respectfully dissent.
NOTES
[*] Calogero, C.J., not on panel. Rule IV, Part 2, § 3.
[1] This case is consolidated with State of Louisiana v. Walter Johnson, (La.1998), 709 So.2d 672. However, we have rendered a separate opinion in each case.
[2] Johnson had prior felony convictions for possession of crack cocaine, possession with intent to distribute crack cocaine, and multiple offender theft. He also had prior misdemeanor convictions for theft under $100, possession of stolen property under $100, battery of a police officer, resisting arrest, and theft under $100. Despite having three prior felony convictions, Johnson was only multiple billed as a triple offender.