liMURRAY, Judge.
This case is before us on remand from the Louisiana Supreme Court. In our previous consideration of this case,[1] we affirmed the conviction, but vacated the sentence imposed and remanded the case to the trial court for re-sentencing. A writ of certiorari was granted to the State, and the Supreme Court has remanded the case to us for reconsideration. Additionally, on remand, Mr. Jackson has filed a motion to quash the multiple bill of information.
*1002 Timothy Jackson was convicted by a jury of violating La.Rev.Stat. 14:67(B)(2), theft of more than $100 and less than $500. After a multiple bill adjudication hearing, Mr. Jackson waived the delays for sentencing, and was sentenced to serve twenty years, with credit for time served. After a sidebar conference requested by Mr. Jackson’s attorney, the trial judge explained that because of a prior simple robbery conviction, he was required to sentence Mr. |2Jackson to life in prison, without the benefit of parole, probation, or suspension of sentence, pursuant to La.Rev.Stat. 15:529.1 A(l)(c)(ii).
Mr. Jackson argues in a motion to quash the multiple bill of information that La.Rev. Stat. 15:529.1 requires that all of the predicate felonies on which the multiple bill is based be either violations of the controlled dangerous substances laws or crimes of violence as defined by La.Rev.Stat. 14:2(13). Thus, because two of his prior felonies were not defined as crimes of violence, they cannot be used as predicate felonies for purposes of the habitual offender law. A clear reading of La.Rev.Stat. 15:529.1 A(l)(c)(ii) provides, however, that “[i]f the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence ..., the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.” Because Mr. Jackson was convicted of simple robbery, which is defined as a crime of violence under La.Rev.Stat. 14:2(13), albeit eighteen years before the subject offense, that conviction alone is sufficient under applicable portions of the habitual offender statute. There is no merit to this argument.[2]
Despite the applicability of the habitual offender statute, this Court found in its original opinion that the life sentence was excessive, and a prime example of an unjust result. Mr. Jackson had two prior simple burglary convictions, and the aforementioned eighteen year old conviction for simple robbery. The present conviction was for shoplifting a $159 jacket from a department store.
Our Supreme Court has ordered us to reconsider our opinion in light of its decision in State v. Walter Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, which, |3in essence, precludes a court from ever deviating from the sentences pronounced under the habitual offender statute. “[I]t is not the role of the sentencing court to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders.” Rather, the sentencing court can only “determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his ease that it violates our constitution.” Walter Johnson, 97-1906 at p. 8, 709 So.2d at 677. A defendant must prove by clear and convincing evidence that he “is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.” Walter Johnson, supra, citing J. Plotkin’s concurrence in State v. Young, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 531, writ denied 95-3010 (La.3/22/96), 669 So.2d 1223.
We seriously doubt that the Legislature contemplated life imprisonment, and the burden on the system such a sentence imposes, for someone, even a recidivist, who is guilty of shoplifting. Rather, the Legislature’s purpose was to take repeat offenders who have committed more and more serious crimes off the streets. Mr. Jackson is atypical of the criminal for whom La.Rev.Stat. 15:529.1 A(l)(e)(ii) was enacted. Although this is Mr. Jackson’s fourth felony conviction in eighteen years, the seriousness of his offenses has gradually diminished, culminating with this shoplifting conviction. But for the eighteen year old conviction for simple robbery, which is defined as a crime of violence, the sentence of twenty years, which the trial court was prepared to impose until advised of that conviction, would have been appropriate. Nonetheless, we are bound by the rulings of the |4Supreme Court. For this reason, we vacate *1003 our previous opinion in this matter, and affirm the original conviction and sentence.
PREVIOUS OPINION VACATED, ORIGINAL CONVICTION AND SENTENCE AFFIRMED.

. State v. Jackson, 96-2540 (La.App. 4 Cir. 11/26/97), 706 So.2d 494.

. Mr. Jackson also filed a pleading requesting that this Court transfer his case to another section of court for resentencing because of an alleged backlog of cases in Division "F.” Because we now are affirming the sentence, this issue is moot.