862 So.2d 963 (2003)
STATE of Louisiana
v.
Danny ROGERS.
No. 2003-K-1203.
Supreme Court of Louisiana.
November 14, 2003.
*964 PER CURIAM.
Granted. The court of appeal's decision is vacated; the trial court's habitual offender sentence of 20 years imprisonment at hard labor is reinstated, and this case is remanded to the Fourth Circuit for consideration of defendant's single assignment of error challenging the trial court's denial of his motion to quash the habitual offender bill.
Defendant made no allegation on appeal that the trial court imposed a constitutionally excessive sentence when it sentenced him to the mandatory minimum term of imprisonment provided by La. R.S. 15:529.1(A)(1)(c)(1) for fourth felony offenders. In these circumstances, because "an appellate court has no power to review sua sponte a sentence for excessiveness," State v. Johnson, 96-3041, p. 5 (La.3/4/98), 709 So.2d 679, 681, the Fourth Circuit had no basis to vacate defendant's sentence and to remand the case to the trial court to consider whether the mandatory minimum term is excessive as applied to this particular offender. State v. Dorthey, 623 So.2d 1276 (La.1993); see also State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. A remand for resentencing on a fuller statement of reasons is necessary only when there appears "to be a substantial possibility that the defendant's complaints of an excessive sentence [have] merit." State v. Wimberly, 414 So.2d 666, 672 (La. 1982)(emphasis added).
JOHNSON, J., would deny the writ.