CRICHTON, J.,
additionally concurs and assigns reasons.
hi agree with the majority’s treatment of the narrow issue presented by this case. However, I write separately -to voice my support of-Justice Guidry’s additional concurrence, specifically his view that the current jurisprudence subverts the will of the legislature. The Louisiana- Constitution imbues the legislature with the sole authority to define conduct as criminal and provide penalties for such conduct. La. Const. art. 3, § I; State v. Taylor, 479 So.2d 339, 341 (La. 1985). As noted by the majority in its opinion, “the jury is the judge of the law and of the facts on the question of guilt or innocence,” but the court imposes the penalty in non-capital cases. La. C.Cr.P. arts. 802, 871. It is my view that the jurisprudential rule prior to the developments that culminated in State v. Jackson, 450 So.2d *831 621 (La. 1984), more correctly interpreted and articulated these statutory edicts: “when the penalty is the responsibility of the judge alone, the sentencing law is an improper subject for argument to the jury.” State v. Harris, 258 La. 720, 731, 247 So.2d 847, 851 (1971). Thus, and should litigants challenge the broader issue of jurors and sentencing in the future, it is my view that this Court should examine whether or not to overrule existing precedent and revert to the standard set forth by this Court in the 1971 Harris opinion.
However, I also embrace Chief Justice Johnson’s view, articulated in this case and many others, that the abusive frequency with which a de minimis number |aof jurisdictions invoke habitual offender laws against non-violent actors appears to do little to protect the people of Louisiana, and depletes the already scarce fiscal resources of this state. I further agree with Chief Justice Johnson’s view that the imposition of life sentences on non-violent offenders at a certain point" lacks any meaningful social value and may constitute aberrant cruelty. See, e.g., State v. Lindsey, 99-3302 (La. 10/17/00), 770 So.2d 339 (Johnson, J., dissenting); State v. Johnson, 97-1906 (La. 3/4/98), 709 So.2d 672 (Johnson, J., dissenting); State v. Sugasti, 01-3407 (La. 6/21/02), 820 So.2d 518 (Johnson, J., dissenting); State v. Parker, 03-0924 (La. 4/14/04), 871 So.2d 317 (Johnson, J., dissenting); Kimbrough v. Cooper, 05-2335 (La. 11/22/05), 915 So.2d 344 (Johnson, J., concurring in part and dissenting in part); State v. Johnson, 96-3041 (La. 3/4/98), 709 So.2d 679 (Johnson, J., dissenting).
The Eighth Amendment to the United States Constitution as well as the laws of this state forbid grossly disproportionate sentences and the needless infliction of pain and suffering. See State v. Lobato, 603 So.2d 739, 751 (La.1992), citing State v. Bonanno, 384 So.2d 355 (La.1980). A sentence may be considered grossly disproportionate if, when weighed against the harm done to society, it shocks the sense of justice. See Lobato, 603 So.2d at 751, citing State v. Hogan, 480 So.2d 288 (La. 1985). I believe we have arrived at a moment where this Court should examine whether or not the abuse of habitual offender laws by a handful of jurisdictions violates these constitutional prerogatives. However, as noted throughout this concurrence, I do not believe the appropriate remedy for curbing state abuse of La. R.S. 15:529.1 lies with the jury, but rather with the trial court judge. Thus, if a defendant believes that' the state has abused its pros-ecutorial discretion in filing a habitual offender bill such that it seeks to impose an unconstitutionally excessive sentence, the defendant should move the court at the sentencing hearing to depart downward from the mandatory minimum- as permitted |aby State v. Dorthey, 623 So.2d 1276 (La. 1993), and, if justice requires, the court ought to grant it. See, e.g., State v. Mosby, 14-2704 (La. 11/20/15), 180 So.3d 1274 (Citing Dorthey, this Court determined that the imposition of a 30-year term of imprisonment on a non-violent offender who was 72 years old and infirm was “grossly out of proportion to the severity of the offense” and amounted to nothing more than the “purposeful imposition of pain and suffering.”).
GENOVESE, J., additionally concurs for the reasons stated by Justice Guidry and Justice Crichton.